## Sakala Motor Vehicle Operator License Case.

Argued April 16, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Anthony J. Maiorana*, Assistant Attorney General, with him *Elmer T. Bolla*, Deputy Attorney General, and *J. Shane Creamer*, Attorney General, for Commonwealth, appellant.

No oral argument was made nor brief submitted for appellee.

OPINION BY JACOBS, J., June 22, 1971:

Appellee, while possessing a junior operator's license,[1] was arrested for speeding on July 22, 1968; on July 31, 1969, he paid the fine and costs for this viola-

[1] At the time of the arrest, conviction, and effective date of suspension, appellee was 17 years of age. He became 18 on January 3, 1969.

tion. A report of the conviction was forwarded to the Bureau of Transportation, Department of Traffic Safety, which scheduled a hearing. Instead of appearing at the departmental hearing, appellee submitted an affidavit containing information he wanted the secretary to consider when reviewing his case. Thereafter, the secretary suspended appellee's license for a period of two months, effective December 13, 1968, pursuant to §604.1(a) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 P.S. §604.1(a). Appellee then appealed this suspension, pursuant to §620 of The Vehicle Code.

The court below, in setting aside this suspension, held that the action of the secretary in suspending appellee's license was arbitrary, unreasonable, and discriminatory because: (1) extenuating circumstances were not considered by the secretary, and (2) the suspension was accomplished without an administrative hearing.

Section 604.1(a) provides in pertinent part: ". . . [I]n the event that a licensed junior operator is involved in an accident for which he is partially or fully responsible . . . or is convicted of any violation of 'The Vehicle Code' . . . the secretary may, after a hearing, suspend the operating privileges of such junior operator until he has reached the age of eighteen (18) years, or for any other period of time." Pursuant to this section, the secretary may suspend for any reasonable period so long as *the offense* occurred while the licensee possessed a junior license. *Criswell Motor Vehicle Operator License Case,* 219 Pa. Superior Ct. 170, 280 A. 2d 553 (1971). Since §604.1(a) says the secretary "may" suspend, suspension pursuant to this section is discretionary and the lower court hearing an appeal under §620 hears the case de novo and determines anew whether the operator's license should be suspended. *Common-*

*wealth v. Funk,* 323 Pa. 390, 399, 186 A. 65, 69 (1936).[2]
Despite the fact that a de novo hearing is held, the
lower court must follow certain guidelines. In *Com-
monwealth v. Buchser,* 185 Pa. Superior Ct. 54, 57, 138
A. 2d 191, 192-93 (1958), the court stated:

"In Bureau of Highway Safety v. Wright . . . our
Supreme Court said: 'The jurisdiction conferred by Sec.
616 [now §620] of the Vehicle Code upon courts of
common pleas [and the County Court] does not author-
ize them to act either arbitrarily or capriciously with
respect to the reinstatement of a suspended license.
*There must be a justifiable factual basis for the court's
action in the premises.'*

"In the order of the court below we find no justifi-
able factual basis for sustaining the appeal of appellee.
The hearing was de novo, and the court made no find-
ing that the offense with which appellee was charged
and convicted had not been committed. As said in Com.
v. Emerick . . . '. . . on a hearing de novo, on appeal,
the court of common pleas [and the County Court],
*while entitled to act independently in the exercise of
its discretion, must, nevertheless, act in accordance with
the evidence and circumstances presented.'* " (Empha-
sis added.)

In this case only two witnesses testified: A state
police trooper testified as to the facts[3] surrounding the

---

[2] Thus, in hearing an appeal under §604.1(a), the lower court
may take into consideration the facts of the violation and mitigat-
ing circumstances thereof as it could in all suspension cases prior
to the institution of the point system contained in §619.1 of The
Vehicle Code. In cases arising under the point system, the lower
court has a very limited power of review since §619.1 says that
the secretary "shall" suspend upon the happening of certain condi-
tions; this removes his discretionary power. See *Virnelson Motor
Vehicle Operator License Case,* 212 Pa. Superior Ct. 359, 243 A. 2d
464 (1968).

[3] The facts were simply that appellee was traveling 80 m.p.h.
on the Pennsylvania Turnpike in a 65 m.p.h. zone. The trooper
followed him for 10 miles and clocked him for 1 mile.

arrest and verified that appellee paid the fine and costs arising from that arrest. The appellee then testified, stating that he turned 18 some 17 days after the effective date of suspension and admitted that he submitted an affidavit in lieu of attending a departmental hearing.

The secretary justified the suspension when he showed by sufficient evidence that the offense was committed. *Oesterling Appeal*, 347 Pa. 241, 31 A. 2d 905 (1943). Furthermore, excessive speed alone is enough to justify a suspension. *Commonwealth v. Moogerman*, 385 Pa. 256, 122 A. 2d 804 (1956); *Lucchetti Motor Vehicle Operator License Case*, 213 Pa. Superior Ct. 397, 249 A. 2d 783 (1968). Since the reason for the suspension was shown, we find no justifiable basis, on the facts presented in the above paragraph, for setting aside this suspension. The court below found an extenuating circumstance in that appellee's license would not have been suspended if he had been an adult; however, this Court has often supported the distinction between suspending a junior license in a situation where an adult would have had only points assigned to his record. See *Criswell*, supra; *Angelicchio Motor Vehicle Operator License Case*, 213 Pa. Superior Ct. 409, 249 A. 2d 788 (1968). The court below also found that the secretary was guilty of an arbitrary and discriminatory suspension when he suspended appellee's license without administrative hearing. This finding is error not only because an administrative hearing may be waived, *Commonwealth v. Kohan*, 385 Pa. 264, 122 A. 2d 808 (1956), but also because the appellee testified that he submitted an affidavit in lieu of a hearing. He could have asked for a postponement of the hearing but preferred to submit the affidavit. In these circumstances, the action of the secretary was not arbitrary, unreasonable, and discriminatory and the suspension must stand.

The order of the court below is reversed and the order of suspension of the Secretary of Revenue is reinstated.