## Commonwealth *v.* Fisher.

Argued June 8, 1972, before Judges KRAMER, WILKINSON, JR., and BLATT, sitting as a panel of three.

*Anthony J. Maiorana,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

*J. Craig Kuhn,* with him *Kuhn, Engle & Blair,* for appellee.

OPINION BY JUDGE KRAMER, July 28, 1972:

This is an appeal from an Order of the Court of Common Pleas of Allegheny County dated January 7, 1972, sustaining the appeal of George S. Fisher (Fisher) from a one-month suspension of his motor vehicle operator's license ordered by the Secretary of Transportation of the Commonwealth of Pennsylvania (Secretary). This is *not* what is commonly referred to as a "point system" case.

Although the record clearly indicates that the President Judge of the lower court set this matter for hearing on short notice, the Commonwealth proceeded with the hearing with no offer of proof of the Secretary's authority for the subject suspension. The record is devoid of any records (certified or otherwise) indicating the grounds upon which the suspension was based.

The Commonwealth proceeded to offer the testimony of one witness, a Pennsylvania State policeman. He testified that at approximately 11:30 p.m., on March 12, 1971, while traveling in the company of another police officer in a northwardly direction on Interstate 79, near the intersection of Interstate 70 West, he observed Fisher's motor vehicle mired in the mud of the medial strip of Interstate 79. At the time, Fisher was attempting to extricate himself from his predicament. The police officers did not observe Fisher prior to the incident. They offered no testimony whatsoever as to how Fisher happened onto the medial strip. The police officer did offer the opinion that Fisher may have been attempting a U-turn. However, Fisher's explanation completely and satisfactorily countered the police officer's opinion.

The police officers arrested Fisher for a violation of Section 1019(a) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. 1019(a), which states: "No person shall drive a vehicle through or over a safety zone as defined in this act. Whenever any highway has been divided into two (2) or more roadways by leaving an intervening space or by a physical barrier or clearly indicated dividing section so constructed as to impede vehicular traffic, every vehicle shall be driven only upon the right-hand roadway unless directed or permitted to use another roadway by official traffic-control devices or police officers. No vehicle shall be driven over, across or within any such dividing space, barrier or section, except through an opening in such physical barrier or dividing section or space or at a crossover or intersection as established. Whenever necessary for the protection and safety of traffic, official signs may be erected at an opening in such physical barrier or dividing section or space or at a cross-over or intersection, prohibiting or regulating a turn or turns as may be necessary, pursuant to the authority of this

act or of any of the provisions of this act." Although there is nothing in this record to indicate what transpired after the arrest, it is understood that Fisher paid a fine under Section 1019(a) of The Vehicle Code, which fact apparently was reported to the Secretary. In any event, the Secretary, on October 21, 1971, revoked Fisher's motor vehicle operator's license for a period of one month. Fisher appealed to the court below from the suspension by the Secretary.

Fisher was entitled to an appeal from the suspension of his license to the Court of Common Pleas of Allegheny County (75 P.S. 620). Said appeal properly was heard de novo, and the lower court was imposed with the duty to determine the validity of the suspension. *See Sakala Motor Vehicle Operator License Case,* 219 Pa. Superior Ct. 174, 177, 280 A. 2d 596, 598 (1971). Judge JACOBS, in the *Sakala* opinion, cites with approval the proposition enunciated by our Supreme Court in the case of *Bureau of Highway Safety v. Wright,* 355 Pa. 307, 311, 49 A. 2d 783, 785 (1946): "There must be a justifiable factual basis for the court's action in the premises." Such a standard acts to facilitate a proper judicial review of suspensions. The scope of review of this Court is to determine whether or not the lower court abused its discretion or committed an error of law. *Yockers v. Dept. of Transportation,* 4 Pa. Commonwealth Ct. 95, 285 A. 2d 893 (1972); *Commonwealth v. McCartney,* 2 Pa. Commonwealth Ct. 540, 279 A. 2d 77 (1971); *Commonwealth v. Pison,* 2 Pa. Commonwealth Ct. 522, 279 A. 2d 84 (1971).

After the brief testimony of the State policeman was concluded, counsel for Fisher moved to sustain the appeal on the basis that the Commonwealth had not proven its case. The court ruled that the testimony of the police officer was sufficient to require an explanation on the part of Fisher. Fisher testified that on the rainy night in question he was traveling north on Interstate 79, at a speed estimated as between 65 to 70 miles per

hour. He further testified that the operator of an automobile ahead of him suddenly applied his brakes, and Fisher's reaction was to do likewise so as to avoid a collision. This sudden application of the brakes by Fisher caused his car to veer sharply to the left and he then allowed the car to coast onto the medial strip. Fisher was attempting to back his automobile off of the medial strip when the State troopers appeared on the scene.

Judge CLARKE, of the lower court held, that Fisher's ". . . entrance upon the medial strip was inadvertent, due to exigencies of the traffic situation at the time, and that rather than driving over, across or within the dividing space or medial strip of Interstate 79, he was merely trying to extricate himself therefrom, to continue on his way northward as a result of entering thereon to avoid a collision with the vehicle preceding him."

The lower court's disposition of the case was proper when it found that suitable explanation had been offered by appellant for his conduct and therefore sustained Fisher's appeal. The path urged upon this Court by the Secretary is one on which guilt and suspension would arise from a mere technical violation of Section 1019(a). The very purpose of the medial strip of which Section 1019(a) speaks is to promote and insure vehicular safety on the highways of this Commonwealth.[1] The very purpose for which Fisher coasted onto the medial strip was to insure his safety and that of other motorists. To interpret Section 1019(a) in such a narrow and technical manner would be indeed an absurd result and certainly in discord with clause (1) of Section 52 of the Statutory Construction Act, Act of May 28, 1937, P. L. 1019, 46 P.S. 552(1).

Based upon the brief record made by the Commonwealth in this case, we hold that the lower court did not abuse its discretion or commit an error of law, and therefore the Order of the court below is affirmed.

---

[1] *See Mahan License*, 50 D. & C. 2d 329 (1970).