**Auge License**

*Charles J. Conturso*, for appellant.
*Maurice Levin*, for Secretary of Transportation.

GARB, J., July 16, 1973.—This is an appeal from the order of the Secretary of Transportation revoking appellant's operator's privileges for a period of one year. Hearing having been held, we make the following

## FINDINGS OF FACT

1. Appellant is a duly licensed operator of motor vehicles in the Commonwealth of Pennsylvania, residing at 3510 Bristol-Oxford Valley Road, Levittown, Bucks County, Pa.

2. On or about the third day of May 1968, at a time when he was 18 years of age and not licensed to operate a motor vehicle in the Commonwealth of Pennsylvania, the appellant was operating a motor vehicle in this Commonwealth.

3. On or about the aforesaid date, the motor vehicle then and there operated by appellant was involved in an accident with another motor vehicle on the highways of this Commonwealth and within Bucks County, and appellant did fail to stop at the scene of the aforesaid accident and render aid and assistance or submit the appropriate identification.

4. As a result of the foregoing accident and on November 7, 1968, the grand jury of Bucks County did approve a seven-count bill of indictment against defendant, charging him, inter alia, with the crimes of failure to stop a motor vehicle at the scene of an accident and failure to submit identity at the scene of an accident, in violation of The Vehicle Code of April 29, 1959, P. L. 58, sec. 1027, 75 PS §1027(a), (b).

5. On the fourth day of February 1969, in open court and while represented by counsel, defendant did enter a plea of guilty to the aforesaid charges, after which sentence was deferred.

6. On the twenty-eighth day of May 1970, in open court and at a time when appellant was represented by counsel, sentence was imposed on the aforesaid charges.

7. On the fourteenth day of July 1972, the Clerk of the Criminal Courts of Bucks County did certify the foregoing conviction to the Secretary of Transportation of the Commonwealth of Pennsylvania.

8. On the seventeenth day of August 1972, Secretary of Transportation duly notified appellant that his operator's privileges had been revoked for a period of one year, as the result of the foregoing conviction under and pursuant to the Act of December 17, 1969, P. L. 376, sec. 1, as amended April 14, 1972, P. L. 156 (No. 63), sec. 15(a)(1); June 30, 1972, P. L. 418 (No. 162), sec. 1, 75 PS §616, and by said notice did advise appellant of his right to a departmental hearing.

9. Appellant did request a departmental hearing which request was received by the Bureau of Traffic Safety on August 23, 1972.

10. A departmental hearing was duly fixed for October 16, 1972, and due notice thereof given to appellant.

11. On December 15, 1972, appellant was again

advised by the secretary that his operating privileges were to be revoked for a period of one year, effective January 19, 1973.

12. It is from the foregoing revocation that his appeal is taken.

13. On December 9, 1968, appellant's operating privileges were suspended under and pursuant to the provisions of the Financial Responsibility Act of April 29, 1959, P. L. 58, sec. 1404; July 14, 1961, P. L. 616, sec. 2, 75 PS §1404, and were restored on January 31, 1973.

## DISCUSSION

Appellant advances two reasons why the secretary's order of revocation should be reversed. The Commonwealth concedes that the order of revocation under section 616 of The Vehicle Code is appealable to this court. See Department of Transportation v. Hosek, 3 Comm. Ct. 580 (1971). The first of these reasons which we discuss herein is that the effective date of revocation is so remote from the date of conviction that the secretary is guilty of an abuse of discretion in imposing it.

At the hearing, a dispute developed regarding the date of conviction of the offense based upon which the revocation was imposed. The certification from the clerk of the courts to the secretary indicated a date of conviction of May 28, 1970. Appellant disputed this date based upon his asserted review of the official files in the office of the Clerk of Criminal Courts of Bucks County. Appellant asserted, and, for reasons best known to himself, the attorney for the Commonwealth agreed, that the date of conviction was February 4, 1969. However, our review of the official records of the clerk of court, of which we take judicial notice, and as indicated in our findings of fact, reveals that the plea of guilty was entered on February 4, 1969,

but that sentence was not imposed until May 28, 1970. For purposes of this opinion, we do not have to determine on which date the conviction occurred for purposes of the application of this act. Suffice it to say that we are not prepared to find the certification in error by virtue of its indication of the date of conviction of May 28, 1970.

We consider the date of conviction to be immaterial, in any event, to the determination we make herein. The Act of Assembly under which this suspension was imposed provides, in relevant part, as follows:

"Upon receiving a certified record, from the clerk of the court, of proceedings in which a person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, of any of the crimes enumerated in this section, the secretary shall forthwith revoke, for a period of one (1) year from the date of revocation, the operating privilege of any such person: . . . (3) Conviction of any operator of a motor vehicle or tractor involved in an accident, resulting in injury or death to any person or damage to property, upon the charge of failing to stop and render assistance or disclose his identity at the scene of the accident": 75 PS §616.

Thus, the mandate of the legislature is that the secretary shall revoke the operator's privileges of any person convicted of failing to stop and render assistance or disclose identity at the scene of an accident and such revocation shall be imposed forthwith upon his receipt of a certified record from the clerk of the court. In this case, the certification was made on July 14, 1972, and the notice of revocation was transmitted to the appellant on August 17, 1972. Although the Act of Assembly does not explicitly require it, appellant was afforded the opportunity for a departmental hearing, which we believe was his constitutional due (see Warner v.

Trombetta, 348 F. Supp. 1068 (1972)), of which he apparently availed himself on the date fixed of October 16, 1972, and as the result of which on December 15, 1972, he was finally notified of the one-year revocation effective January 19, 1973.

There is no statute of limitations applicable to a license suspension or revocation (Commonwealth v. Kroh, 7 Comm. Ct. 390 (1972)), but, notwithstanding, the secretary's order of suspension or revocation may be reversed as a manifestation of abuse of discretion where there is an ordinate or undue delay between the date on which his right to suspend or revoke occurred and the date on which he exercises whatever discretion he may have: Criswell Motor Vehicle Operator License Case, 219 Pa. Superior Ct. 170 (1971); Sakala Motor Vehicle Operator License Case, 219 Pa. Superior Ct. 174 (1971); and Department of Transportation v. Hosek, supra.

Considering the chronology of events and dates in this case, we clearly cannot find any undue or inordinate delay between the date of the certification from the clerk of criminal courts and the date on which the secretary set in motion the machinery of revocation. Although one may argue that there was an inordinate or undue delay between the date of conviction, regardless of what date we accept, and the date of certification, certainly that delay cannot be attributable to the secretary so as to justify the charge of abuse of discretion. The act in question clearly provides that he may revoke only upon receiving a certified record from the clerk of the court. This he did in remarkably short time.

Of course, mere delay is not a basis upon which the secretary can be reversed in any event. The mere passing of time between the conviction and the revocation, standing alone, is not a reason for the court to

set aside the action of the secretary. Delays are not unreasonable as a matter of law: Criswell Motor Vehicle Operator License Case, supra. Rather, there must be a showing of prejudice caused by the delay in order to justify a reversal of the secretary: Criswell Motor Vehicle Operator License Case, id.; Department of Transportation v. Hosek, supra. Clearly, no prejudice was shown in this case. Appellant testified that he is now married and requires his automobile in order to be able to go from home to work. As a factor of prejudice, we fail to see how his situation is any different now than it would have been at some time in the past when he likewise required an automobile for transportation from home to work. Aside from that, mere economic hardship is not a sufficient basis upon which to find an abuse of discretion on the part of the secretary: Moffa Motor Vehicle Operator License Case, 214 Pa. Superior Ct. 278 (1969); Angelicchio Motor Vehicle Operator License Case, 213 Pa. Superior Ct. 409 (1968); Klitsch Motor Vehicle Operator License Case, 213 Pa. Superior Ct. 53 (1968); Commonwealth v. Trimble, 7 Comm. Ct. 443 (1973); and Department of Transportation v. Lovelace, 4 Comm. Ct. 92 (1972).

Appellant asserts secondly that this revocation should not be permitted to stand because of the fact that he suffered a suspension previously under the Financial Responsibility Act arising out of the same motor vehicle accident. We note preliminarily that appellant did not, in fact, suffer a license suspension under the Financial Responsibility Act of April 29, 1959, because he was not licensed to operate a motor vehicle at the time that that suspension became effective. The most that can be said was that he suffered the loss of a right to apply, but, in fact, when he did apply for an operator's license one was afforded him by the secretary.

In any event, we are not convinced that suspension under section 616, the one presently before us, and that under the Financial Responsibility Act of April 29, 1959, sec. 1404, are mutually exclusive. In fact, they are procedures for denial of operator's privileges for entirely different reasons and each for the purpose of protecting a different interest in the community. The first and most obvious distinction is that under section 616 it is a revocation and not a suspension, while under section 1404 it is a suspension. The two sections are obviously different in operation and implementation, each with differing consequences and criminal penalties for the violation thereof. See Commonwealth v. Rushing, 28 D. & C. 2d 134, 10 Chester 467 (1962). Suspension under the Financial Responsibility Act is for the purpose of protecting other users of the highways against persons involved in accidents who are not insured against loss suffered by others as the result of the negligence of the persons suspended. It becomes operative only upon the happening of an accident during which time the person suspended is not covered by liability insurance and the operator's privileges are reinstated upon posting of financial responsibility by the person suspended. The obvious purpose of this legislation is to insure that someone whose person or property are damaged on the highway by a tortfeasor are insured compensation for his damages or injury.

The obvious purpose of the revocation under section 616 is to deny the individual the right to operate a motor vehicle when his irresponsibility as an operator has been demonstrated by virtue of his conviction of the crimes enumerated in the section. The purpose of this legislation is not to assure compensation for someone injured by him but rather to protect all other users by denying him the right to operate a motor vehicle on the highways at all. Therefore, we decide

that these sections are not mutually exclusive but rather compatible with one another and enacted for the purpose of insuring entirely different types of protection to the traveling public.

We believe that Re: Hillegass Appeal, 60 Berks 23 (1967), and In re: Appeal of Warren R. Allshouse from Suspension of Driver's License, 24 Lawrence 18 (1972), are totally inapposite. Those cases stand for the proposition, with which we do not disagree, that an individual may not be twice suspended under the same suspension section of The Vehicle Code for the same incident. That is not what occurred in the case before us.

For the foregoing reasons, we determine that the appeal must be denied and the revocation affirmed and, accordingly, enter the following

### ORDER

And now, to wit, July 16, 1973, it is hereby ordered, directed and decreed that the appeal shall be denied and the order of the secretary revoking appellant's operator's privileges for a period of one year affirmed.