Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, *v.* Albert S. Thomas, Appellee.

Argued June 8, 1973, before Judges KRAMER, WIL-
KINSON, JR., and BLATT, sitting as a panel of three.

*John L. Heaton,* Assistant Attorney General, with
him *Anthony J. Maiorana,* Assistant Attorney General,
*Robert W. Cunliffe,* Deputy Attorney General, and *Is-
rael Packel,* Attorney General, for appellant.

*John R. Seltzer,* with him *Jamison & Jones,* for
appellee.

OPINION BY JUDGE WILKINSON, July 24, 1973:

Appellee's operating privileges were suspended by
the Secretary of Transportation pursuant to Section
618(b)(2) of The Vehicle Code, Act of April 29, 1959,
P. L. 58, as amended, 75 P.S. §618(b)(2), for a viola-
tion of Section 1002(b)(8), 75 P.S. §1002(b)(8). The
notice of the withdrawal of the operating privileges
referred incorrectly to the fact that the suspension re-
sulted from a conviction of the violation of the section
rather than the violation itself. This inadvertence did
not mislead the appellee, for in paragraph 4 of his ap-

peal from suspension, he stated: "That the said official notification contains as the reasons for withdrawal, violation of Section 1002B8 (sic) and Section 618B2 (sic) of the Motor Vehicle Code." Further, in paragraph 5, he states: "That your petitioner denies any violation of the said Motor Vehicle Code, and in particular Section 1002B8 and Section 618B2."

A careful review of the record makes it quite clear that the court below tried the case as though the only issue was conviction. Had the court been supplied with a trial brief, rather than have to research the law to write an opinion after all the decisions had been made, in all probability this case would not have to be remanded for a proper de novo hearing on the issue of the violation that the law requires. The lower court's able opinion on this point makes it unnecessary for us to discuss it further. *See Sakala Motor Vehicle Operator License Case,* 219 Pa. Superior Ct. 174, 280 A. 2d 596 (1971). In that case, Judge JACOBS sets forth clearly what is to be considered at the de novo hearing. Interestingly enough, the testimony in *Sakala* seems to have been very similar to that which was available in the instant case, but was not permitted to be introduced, i.e., "A state police trooper testified as to the facts surrounding the arrest and verified that appellee paid the fine and costs arising from that arrest." 219 Pa. Superior Ct. 174, 177, 280 A. 2d 596, 598 (1971).

No good purpose would be served by discussing the problems of the evidence presented, since all the points ruled upon turned on the mistaken belief that the issue was conviction. Actually, the Assistant Attorney General attempted to call as his first witness the trooper who made the arrest, who presumably would have testified along the lines quoted from *Sakala, supra,* but was interrupted by the court which asked for the record of conviction. Subsequently, when there was doubt as to the sufficiency of the record of conviction, the troop-

er was called again, but the court secured the Assistant Attorney General's agreement that the testimony of the officer would be restricted to the conviction. However, before excusing the officer, the court quite properly did develop that the officer would have testified to the apprehension, filing charges and appearing for the hearing.

Accordingly, we enter the following

ORDER

Now, July 24, 1973, the order of the court below, dated December 19, 1972, is reversed and the case is remanded for a de novo hearing.