Daniel T. Civitello, Jr., Appellant, *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

552

Argued December 6, 1973, before Judges WILKIN-SON, JR., MENCER and ROGERS, sitting as a panel of three.

*John R. Merrick*, for appellant.

*John L. Heaton*, Assistant Attorney General, with him *Anthony J. Maiorana*, Assistant Attorney General, *Robert W. Cunliffe*, Deputy Attorney General, and *Israel Packel*, Attorney General, for appellee.

OPINION BY JUDGE MENCER, January 24, 1974:

The appellant, Daniel T. Civitello, Jr., was arrested for operating a motor vehicle at a speed of 68 miles per hour in a 50-mile per hour speed zone, in violation of Section 1002(b)(8) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1002(b)(8), declaring unlawful the operation of a vehicle at a speed in excess of limits established by the Secretary of Transportation as indicated by the erection of official signs.

In response to a traffic citation, the appellant pleaded guilty and paid the statutorily imposed fine and costs. Following receipt of the magistrate's report of conviction, the Secretary of Transportation suspended appellant's motor vehicle operator's license for a period of two months. This suspension was appealed to the Court of Common Pleas of Chester County which granted a supersedeas of the suspension. After a hearing de novo, a judge of that court denied the appeal and reinstated the suspension. This appeal followed and we affirm.

Our duty is to examine the testimony to determine whether the findings of the court below are supported by competent evidence and to correct any erroneous conclusions of law, and the action of the lower court will not be disturbed on appeal except for manifest abuse of discretion. *Commonwealth v. McCartney*, 2 Pa. Commonwealth Ct. 540, 279 A. 2d 77 (1971).

An appeal to a court of common pleas to review a suspension of an automobile operator's license in a non-point-system case requires a hearing de novo at which the court hears the witnesses of both the Commonwealth and the licensee, and, on the basis of the testimony presented at the hearing on the appeal, the court is required to determine anew whether the operator's license should be suspended. De novo review entails, as the term suggests, full consideration of the case another time. The Court of Common Pleas, as the reviewing body, is in effect substituted for the Secretary of Transportation, the prior decision maker, and redecides the case. *Virnelson Motor Vehicle Operator License Case*, 212 Pa. Superior Ct. 359, 243 A. 2d 464 (1968). The burden of proof rests throughout upon the Commonwealth to establish, by the fair weight and preponderance of the evidence, that some violation of The Vehicle Code occurred which was the basis of the suspension imposed upon the licensee.

The test, in a hearing de novo before the court of common pleas, is not whether the Secretary of Transportation abused his discretion but whether, from the evidence before the court, the license of the appellant should be suspended. *Commonwealth v. Halteman,* 192 Pa. Superior Ct. 379, 162 A. 2d 251 (1960).

In this case, only one witness testified at the hearing de novo. The arresting police officer testified as to the facts surrounding the arrest. The facts were simply that appellant was traveling 68 miles per hour in a 50-mile per hour zone. The officer followed appellant's vehicle for three miles and clocked it for five-tenths of a mile. The highway was officially posted with required speed limit signs, and the police vehicle's speedometer had been tested for accuracy and found accurate within thirty days of the clocking of appellant's vehicle.

The appellant did not testify. The court below found that the facts supported the suspension and denied the appeal. This was certainly a permissible finding on the record of the hearing de novo, since the Secretary of Transportation justified the suspension when he showed by sufficient evidence that the offense of speeding was committed. Excessive speed alone is enough to justify a suspension. *Sakala Motor Vehicle Operator License Case,* 219 Pa. Superior Ct. 174, 280 A. 2d 596 (1971).

The appellant here has raised three issues, none of which are persuasive. First, he asserts that his license was not subject to suspension because no proper report of conviction was transmitted by the justice of the peace. This not being a point-system suspension under the provisions of Section 619.1 of The Vehicle Code, 75 P.S. §619.1, and the appellant being entitled to and receiving a hearing de novo before the Court of Common Pleas of Chester County, the propriety of the magistrate's conviction report is of no moment nor is it

entitled to any consideration by the court below or this Court on review.

Next, appellant contends that the Commonwealth failed to sustain its burden of proof at the hearing de novo because the magistrate's report of conviction was offered but not admitted into evidence. An examination of the record will disclose that the report was not admitted into evidence but, as we have noted, the testimony of the arresting officer provided sufficient evidence to show that appellant had committed the offense of speeding. Accordingly, the record does disclose that the Commonwealth did sustain its burden of proof at the hearing de novo.

Finally, appellant asserts that his arrest was illegal and invalid because the arresting officer was outside his jurisdictional territory when the arrest occurred. Appellant relies on *Commonwealth v. Troutman,* 223 Pa. Superior Ct. 509, 302 A. 2d 430 (1973), for this assertion. In *Troutman* it was held that the Legislature had not extended the authority to township police officers to cross township lines in order to make an arrest in pursuit of a misdemeanant. Therefore, approval was given to an information's being quashed on the ground that the defendant had been illegally arrested. However, *Troutman* was a criminal case, whereas here the proceedings are civil and administrative and it is immaterial whether the licensee has been legally arrested. We will not consider alleged procedural defects or errors based on a criminal proceeding involving the licensee. *See Commonwealth v. Gourley,* 88 Dauph. 41 (1967). Even though the basis of the action may be the commission of a crime, the nature of the suspension proceeding before the Secretary of Transportation is civil and not criminal. The disposition of the criminal case in no way controls or precludes the civil proceedings related to a license suspension determination.

*Royer Motor Vehicle Operator License Case,* 213 Pa. Superior Ct. 17, 245 A. 2d 716 (1968).

Order affirmed.