Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, v. Thomas J. Mislivets, Appellee.

Argued January 10, 1974, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*John L. Heaton*, Assistant Attorney General, with him *Anthony J. Maiorana*, Assistant Attorney General,

*Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*Thomas J. Mislivets,* appellee, for himself.

OPINION BY JUDGE WILKINSON, February 7, 1974:

This case is controlled by our recent decision in *Bureau of Traffic Safety v. Thomas,* 9 Pa. Commonwealth Ct. 474, 308 A. 2d 165 (1973), handed down July 24, 1973 and, therefore, not available to the lower court when this case was decided on May 29, 1973. We must reverse.

On August 14, 1972, appellee was arrested by a member of the Pennsylvania State Police on Interstate 81 for travelling 86 miles per hour in a 65-mile per hour zone, a violation of Section 1002(b)(8) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1002(b)(8). The officer issued a citation. The fine and costs were paid as indicated on the citation which included the fact that receipt number 3496 was issued. In due course, by notice dated January 9, 1973, the Bureau of Traffic Safety notified appellee it would hold a hearing covering his entire driving record on January 16, 1973.

By notice dated February 26, 1973, appellee was notified that his operating privileges would be suspended for a period of three months, effective April 2, 1973, under Section 618(b)(2) of The Vehicle Code, 75 P.S. §618(b)(2). As in *Bureau of Traffic Safety v. Thomas, supra,* the notice of withdrawal referred incorrectly to the fact that the suspension resulted from a conviction of the violation of the Section rather than of the violation itself. Appellee filed an appeal to the Court of Common Pleas on March 28, 1973, requesting a hearing de novo which the court scheduled for May 24, 1973, and stayed the suspension pending further order of the court.

At the hearing, the arresting officer testified in great detail concerning the violation and apprehension. Among the exhibits offered and received was the citation. Objection was made to the receipt of the citation because the form for the affidavit on the citation was not completed. The attorney for appellee and the court below fell into error in that they considered this a hearing to determine whether a *conviction* had taken place, as provided in a point system cases under Section 619.1, rather than a hearing to determine whether a *violation* had taken place as provided under Section 618(b)(2) of The Vehicle Code. *See Commonwealth v. Virnelson,* 212 Pa. Superior Ct. 359, 243 A. 2d 464 (1968). Unlike *Thomas, supra,* the lower court here received the full Commonwealth case and offered appellee an opportunity to present his case. The appellee declined to offer any testimony and stated: "We'll rest on the legal issue involved." Since the legal issue involved must be resolved against appellee, and since the Commonwealth has proven its case that there was a violation, it is not necessary to send the case back to the lower court.

Accordingly, we enter the following

### ORDER

Now, February 7, 1974, the order of the court below, dated May 29, 1973, is reversed and the order of suspension imposed by the Secretary of Transportation is reinstated. A reinstated suspension shall be issued by the Secretary within thirty (30) days.