**Commonwealth v. Ei**

*Paul Millin, District Attorney,* for Commonwealth.
*Edward G. Petrillo,* for defendant.

WOLFE, *P. J.,* November 12, 1974—This is defendant's appeal from conviction in the magistrate court of violation of section 1027(d) of The Vehicle Code in that he, after being involved in an accident with another unattended vehicle, failed to immediately stop and then and there either locate and notify the operator or owner of the unattended vehicle or leave in a conspicuous place thereon a written notice of his name and address, as therein provided by this act.

On August 17, 1974 defendant, with a companion, visited the Kellettville Camp Ground parking area at about 1:00 a.m., where young people gathered and at which, on this date, a beer party was generally underway. After about one hour, defendant decided to leave and, as he was following another vehicle from the camp area, he was compelled to back up because the lead vehicle was experiencing difficulty, and when doing so defendant backed into a parked van. According to defendant and his witness, he attempted to alight from his vehicle but, before he could do so, a vociferous person, using vile and vituperative language, directed him to move his vehicle and defendant, being apprehensive and fearful for his safety, drove off to the Borough of Tionesta, where he and his companion slept in their car until awakened at approximately 4:00 a.m. by the arresting officer. Defendant testified that he knew who owned the van vehicle and intended to report it and make a settlement with the owner that day. Defendant attempted to contact the owner, as well as his father, several

times by telephone and, on one occasion, did arrange a meeting with the owner of the damaged vehicle but the owner failed to appear. Defendant admittedly did not make any report to the Secretary of Transportation, Bureau of Motor Vehicles, until one month after the occurrence.

In Commonwealth v. Stamoolis, 6 Pa. Commonwealth Ct. 617 (1972), we find this language:

"Section 1027 of The Vehicle Code was intended to deal with a very real problem — the hit-and-run driver. As a means of protecting individuals who have suffered injury to their persons or to their property, it very properly requires the offending driver to make his identity known to the injured person or property owner and to notify the police as well. The section is obviously aimed at those drivers who attempt to flee the scene of an accident in which they have been involved without making known their identity, thus seeking to evade their responsibilities, either criminal or financial, or both." (pp. 619-20)

An element of intent is implicit in section 1027(d): Commonwealth v. Lightner, 92 Dauph. 110 (1969); Commonwealth v. Yarian, 40 D. & C. 2d 244 (1966). Also this section, were it be given such a narrow and technical construction, an absurd result would be reached: Commonwealth v. Fisher, 6 Pa. Commonwealth Ct. 159, 293 A. 2d 644 (1972).

The evidence fairly concludes that defendant observed a silhouette of a large man, who was later identified by the name of Gilliam, being 5'9½'' in height and weighing over 200 pounds, and the one who cast the vulgar message to defendant with a message of imminent threat. Although we observe defendant to be a tall youth of 18 years, he could not

be classified as a rough or robust person and his demeanor and candor was such that we can conclude he would have been intimidated to a degree by this outburst. Defendant was aware of a potentially dangerous situation due to the drinking, and we are of the opinion defendant avoided a much more serious result that might have occurred had he alighted from his vehicle and entered into possible physical combat. We have no reason to discount his testimony that he intended to report the incident and make amends with the owner at a feasible time.

For these reasons, we find the Commonwealth has failed to prove its case against defendant beyond a reasonable doubt and enter the following

## ORDER

And now, November 12, 1974, defendant is found not guilty, is discharged from the court and his bail is released.

Exceptions to the Commonwealth.