# Harold F. Wood, Jr., Appellant, *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Argued May 9, 1975, before Judges Kramer, Mencer and Rogers, sitting as a panel of three.

*Chris F. Gillotti*, with him *Harrison, King, Bowman, Sabino* and *Gillotti*, for appellant.

*Harold H. Cramer*, Assistant Attorney General, with him *John L. Heaton*, Assistant Attorney General, *Anthony J. Maiorana*, Assistant Attorney General, *Robert W. Cunliffe*, Deputy Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

Opinion by Judge Mencer, July 3, 1975:

This is an appeal by Harold F. Wood, Jr. (Wood) from an order of the Court of Common Pleas of Allegheny County dismissing his appeal from the suspension of his motor vehicle operator's license.

On February 23, 1973, Wood was arrested for operating his automobile at a speed of 91 miles per hour in a 65-mile-per-hour speed zone. He was given a citation by the arresting officer for a violation of Section 1002 (b)

(8) of The Vehicle Code (Code)[1] and paid a fine and costs of $15. Thereafter, on October 5, 1973, Wood was ordered by the Secretary of Transportation (Secretary) to report for a hearing as a result of his "conviction" on February 28, 1973. A hearing was held,[2] after which Wood was notified by the Secretary that, as a result of his "conviction" of violating Section 1002(b)(8), his operating privileges were suspended for a period of three months, pursuant to Section 618(b)(2) of the Code, 75 P.S. §618(b)(2). This section reads in pertinent part:

> "(b) The secretary may suspend the operator's license or learner's permit of any person, after a hearing before the secretary or his representative, whenever the secretary finds upon sufficient evidence:
>
> . . . .
>
> "(2) That such person has committed any *violation* of the laws of this Commonwealth relating to vehicles or tractors. . . ." (Emphasis added.)

Wood's appeal to the lower court was dismissed after a hearing de novo and he now appeals to us. We affirm.

We must reject Wood's appeal on the basis of our holding in *Civitello v. Bureau of Traffic Safety*, 11 Pa. Commonwealth Ct. 551, 315 A. 2d 666 (1974). Wood argues, basically, that the lower court erred in sustaining his suspension when the suspension was based on the Secretary's mistaken notion that Wood had been "convited" of a violation of Section 1002(b)(8).[3]

Unfortunately for Wood, we stated in *Civitello* that the Commonwealth's only burden in non-point-system

---

1. Act of April 29, 1959, P. L. 58, *as amended*, 75 P.S. §1002 (b)(8).

2. Wood admitted at the hearing before the lower court that he had attended such a hearing.

3. Wood had neither pled guilty nor been found guilty of violating this section but had merely paid a fine and costs. *Virnelson Motor Vehicle Operator License Case*, 212 Pa. Superior Ct. 359, 243 A. 2d 464 (1968), indicates that payment of fine and costs constitutes an admission of conviction.

suspension cases is to establish that some *violation* of the Code occurred which was the basis for the Secretary's suspension. It is therefore irrelevant that the Secretary was mistaken in stating in his notice of suspension that Wood had been "convicted." *See Commonwealth v. Mislivets*, 12 Pa. Commonwealth Ct. 59, 315 A. 2d 307 (1974).

The only issue before the lower court, when it heard Wood's appeal at the trial de novo, was whether or not Wood had *violated* a law of the Commonwealth relating to vehicles, which violation was the basis of the suspension of his license by the Secretary. The Commonwealth's evidence[4] adequately proved that Wood had violated Section 1002 (b) (8) and that this *violation* was the basis of the suspension of his license by the Secretary.

Order affirmed.

---

4. The Commonwealth offered the testimony of the arresting officer, various certificates of accuracy of radar, and copies of the citation, notice of hearing, and notice of suspension issued to Wood.