# Commonwealth of Pennsylvania *v.* William A. Hicks, Appellant.

Argued December 4, 1975, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Robert J. Donohue,* for appellant.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., January 26, 1976:

William A. Hicks ( Appellant), a resident of Delaware County, pleaded guilty in the Court of Common Pleas of the County of Montgomery to charges of larceny and conspiracy. The Clerk of Court of Montgomery County, pursuant to Section 1209(b) of the Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §1209(b) (Vehicle Code), reported these convictions to the Bureau of Traffic Safety (Bureau) since it was alleged that a motor vehicle was involved in the commission of these crimes. The Director of the Bureau, as authorized by Section 616(a) (2) of the Vehicle Code, revoked Appellant's operator's license. After a departmental hearing which sustained the Director's action, Appellant appealed to the Court of Common Pleas of the County of Delaware. The court below rejected Appellant's attempt to contradict the allegation of a motor vehicle's participation in the crimes. In dismissing the appeal for lack of jurisdiction the court ruled that the criminal record was lodged

in Montgomery County and it was there Appellant must seek the relief desire. Appellant now appeals to us.

During the pendency of this appeal a revised certification was reported to the Bureau. Appellant petitioned this Court to include this revised certification in this record. By Order dated June 23, 1975, President Judge BOWMAN allowed the certification to appear in the record on the condition that the full record of Appellant's plea of guilty also be noted.

The question upon which this appeal turns is: Does the Appellant have a right to a hearing *de novo* in the Court of Common Pleas of the county wherein he resides of a revocation of his operator's privilege?

In *Department of Transportation v. Hosek, Inc.*, 3 Pa. Commonwealth Ct. 580, 284 A.2d 524 (1971), we held that the proper procedure in a license revocation case is identical to the procedure under Section 620 of the Vehicle Code which provides:

> "Any person whose operator's license or learner's permit has been suspended, or who has been deprived of the privilege of applying for an operator's license or learner's permit under the provisions of this act, shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the *court of common pleas of the county in which the operator or permittee resides. . . .*" 75 P.S. §620. (Emphasis added.)

At this hearing, it is the duty of the court below to determine *de novo* the validity of the suspension. *Commonwealth v. Fisher*, 6 Pa. Commonwealth Ct. 159, 293 A.2d 644 (1972).

After a careful review of the record, we understand and appreciate the quandry in which the court below found itself. The statute and case law leave no doubt, the Court of Common Pleas of Delaware County had jurisdiction. This being so, it is unnecessary for us to decide the merits, and we

ORDER

AND NOW, this 26th day of January, 1976, the Order of the Court of Common Pleas of Delaware County is vacated and the cause, including a corrected clerk of court certification respecting the use of a motor vehicle in the commission of a felony and the transcript of the hearing on Appellant's plea of guilty to the charges of larceny and conspiracy in the Court of Common Pleas of Montgomery County, Pennsylvania, No. 1499, January, 1973, is hereby remanded for disposition of the appeal.