## Commonwealth v. Mack

*James A. Oliver*, for appellant.
*Patrick Lavelle*, for Commonwealth.

GARDNER, *P. J.*, October 10, 1976—This matter arose as an appeal from the suspension, on September 23, 1975, by the Secretary of Transportation of the Commonwealth of Pennsylvania, acting through the Bureau of Traffic Safety, of Robert Mack's school bus operating certificate, and subsequent refusal of reinstatement by the said bureau. The action complained of resulted from an

admitted myocardial infarction suffered by appellant in February 1975.

The Commonwealth's authority is bottomed on regulations promulgated pursuant to section 609 of the Act of April 29, 1959, P.L. 58, as amended, 75 P.S. §609, which provides, inter alia, that "a person is physically qualified to operate a school bus if he . . . has no established medical history or clinical diagnosis of . . . myocardial infarction . . .".

At a hearing de novo before us on September 2, 1976, the Commonwealth rested its case on the regulation above quoted and the fact that appellant admits having had a myocardial infarction.

Appellant produced R. Laverne Landis, M.D., who testified that Mr. Mack was not recovered and was physically capable of operating a school bus safely. The doctor compared appellant to a driver who had never suffered such an attack or one who had "existing conditions that would lead to increased chances of heart attack, such as high blood pressure . . ." and concluded that Mr. Mack was a safe driver as a result of his experience.

It is now our duty to determine the validity of the Commonwealth's action: Act of 1959, 75 P.S. §609, supra; Commonwealth v. Fisher, 6 Pa. Commonwealth Ct. 159, 293 A. 2d 644 (1972).

The appellant urges, as persuasive authority, Commonwealth v. James, 61 Del. Co. 292 (1973), wherein the Court of Common Pleas of Delaware County, in a factual situation virtually identical to the instant case, took the position that one myocardial infarction should not disqualify a school bus operator if recovery has occurred. James also involved evidence that the operator was a better safety risk as a result of the experience, and the Delaware County Court found this consistent with

a legislative intent to permit the operation of school buses to be only by drivers who are good safety risks.

The issue in the instant appeal is not whether the Department of Transportation erred in suspending Mr. Mack's license, for obviously this is the action that had to be taken in view of the clear language of the regulation involved. On the other hand, the legality of the regulation is very much before the court. The Delaware County Court chose to engage in a procedure which it called an interpretation of the regulation and concluded that it disagreed with the interpretation that one myocardial infarction was all that it took to result in suspension.

We do not believe that there is any question but that the medical advisory board which was responsible for the regulation which required the action taken in the instant matter states simply that a myocardial infarction is a disqualifying disease. In some cases, the same regulations provide for "waivers" (e.g., diabetic conditions) if the particular condition is not disabling. No such procedure is applicable to cardiovascular ailments which include, in addition to myocardial infarction, angina pectoris, coronary insufficiency, and thrombosis. Obviously, it is State policy that persons who have suffered such cannot be counted on as "safe drivers."

The question before us is whether the regulation complained of is legal and properly applied in this case. The determination of this question requires application of the following principles:

1. Administrative regulations are subject to the same rules of statutory construction as statutes themselves: Commonwealth v. Barnes & Tucker

Company, 9 Pa. Commonwealth Ct. 1, 303 A. 2d 544 (1973).

2. The General Assembly does not intend a result that is unreasonable, but does intend to favor public against any private interest: Act of December 6, 1972, P.L. 1339 (No. 290), sec. 3, 1 Pa.C.S. §1922.

3. An administrative regulation must not be "arbitrarily and unreasonably oppressive." Cf. Pennsylvania Railroad Company v. Driscoll, 336 Pa. 310, 9 A. 2d 621 (1939).

While the appellant in the instant matter may consider the regulation complained of as arbitrary and unreasonable in its subjective application to him, so, too, is the position of a young passenger on a school bus who has little, if any, opportunity to determine which vehicle he will be assigned for school transportation. We are not prepared to say that the regulation involved in this matter, although admittedly sweeping, is unreasonable in view of the great responsibility undertaken in fulfilling the immense transportation responsibilities of our present concentrations of school students.

In short, we are not persuaded by Commonwealth v. James. In that case, we feel that the court merely substituted its judgment for that of the medical advisory board which is not an example of a regulation interpretive process but merely judicial "second-guessing," which we are not prepared to do.

ORDER

And now, October 10, 1976, for the reasons set forth in the foregoing opinion, it is ordered that the appeal filed in the above-captioned matter by Robert Mack be and the same is hereby dismissed.