Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Regis Anthony Klinchock, Appellee.

Submitted on briefs, November 13, 1979, to Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him, *Robert W. Cunliffe,* Deputy Attorney General and *Edward G. Biester, Jr.,* Attorney General, for appellant.

*Charles E. Marker,* of *Marker and McBride,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., February 20, 1980:

The Pennsylvania Department of Transportation (Department) suspended the operating privileges of Regis Anthony Klinchock for a 15-day period pursuant to Section 1538(b)(1)(iii) of the Vehicle Code, 75 Pa. C.S. §1538(b)(1)(iii).

The Westmoreland County Common Pleas Court reversed. The Department now appeals to this Court. We reverse and reinstate the suspension.

On appeal from an order of the trial court sustaining an appeal from the suspension of motor vehicle operator's license, our duty is to determine whether that court has abused its discretion or has committed an error of law. *Commonwealth v. Fisher,* 6 Pa. Commonwealth Ct. 159, 293 A.2d 644 (1972).

The trial court sustained Klinchock's appeal and reversed the suspension, finding that at the time of the violations, May 29, 1977 and November 4, 1976, Act 81 of The Vehicle Code (enacted June 17, 1976),[1] was not in effect, making the assessment of points under 75 Pa. C.S. §1535 improper. In reviewing the statute, we have determined that the Court erred as a matter of law.

Section 2(e) of the Transition Provisions provides:[2]

---

[1] 75 Pa. C.S. §101 et seq.

[2] Section 2(e) of the Act of June 17, 1976, P.L. 162.

(e) Implementing regulations.—Immediately upon the final enactment of this act, the Department of Transportation shall promulgate regulations to implement the provisions of 75 Pa. C.S. §§1535 (relating to schedule of convictions and points) through 1539 (relating to suspension of operating privilege on accumulation of points) (by assigning point as prescribed in 75 Pa. C.S. §1535(a) for similar violations occurring prior to the effective date of this act under the Act of April 29, 1959 (P.L. 58, No. 32), known as 'The Vehicle Code.' [75 P.S. §101 et seq.]. The regulations may be promulgated without compliance with statutory requirements relating to notice of proposed rule making and public hearings, may be made effective immediately upon publication in the Pennsylvania Bulletin and may be made retroactive to the date of final enactment of this act.

Section 8(b) of Act 81 provides that this section shall take effect immediately.[3]

Regulations were published by the Department of Transportation in accordance with this provision on June 19, 1976 at 6 Pa. Bulletin 1418. Included in that schedule were all three offenses for which Klinchock was convicted.

Clearly, at the time of the alleged violations, the point provisions of the act were in effect and the assessment of points thereunder was proper.

Accordingly, we

### ORDER

AND Now, this 20th day of February, 1980, the order of the Common Pleas Court of Westmoreland County sustaining the appeal of Regis Anthony Klinchock is reversed.

---

[3] Section 8(b) of the Act of June 17, 1976, P.L. 162.

This decision was reached prior to the death of President Judge Bowman.

Judge DiSalle did not participate in the decision in this case.