Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Jack E. Trimmer, Appellee.

Argued December 11, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel, Transportation, and *Harvey Bartle, III,* Acting Attorney General, for appellant.

*Jack E. Trimmer,* appellee, for himself.

OPINION BY JUDGE BLATT, March 9, 1981:

The Pennsylvania Department of Transportation, Bureau of Traffic Safety (Bureau) seeks review of an

order of the Court of Common Pleas of Allegheny County which sustained an appeal filed by Jack E. Trimmer (appellee) from a suspension of his license to operate a motor vehicle.

The appellee was given a citation for speeding on November 3, 1976, for which he was convicted and received three points against his driving record pursuant to Section 1535(a) of the Vehicle Code, 75 Pa. C. S. §1535(a). He was again cited for speeding on March 24, 1977, was found guilty on May 12, 1977, and was assessed four additional points. A final speeding violation on July 5, 1977, brought an assessment of another four points and, inasmuch as he had then accumulated 11 points, the Bureau sent him notice on September 28, 1977, that his license would be suspended for 55 days under the provisions of Section 1539 of the Vehicle Code, 75 Pa. C. S. §1539. On the same day the Bureau notified the appellee that due to his accumulation of seven points as of his March 24, 1977 violation he was required to take a special examination which could remove two points from his total under Section 1538(a) of the Vehicle Code, 75 Pa. C. S. §1538(a).[1] The appellee, who thereafter appealed his suspension to the common pleas court, eventually took

---

[1] Section 1538(a) provides:

When any person's record for the first time shows as many as six points, the department shall require the person to attend an approved driver improvement school or undergo a special examination and shall so notify the person in writing. Upon satisfactory attendance and completion of the course or upon passing the special examination, two points shall be removed from the person's record. Failure to attend and satisfactorily complete the requirements of driver improvement school shall result in the suspension of such person's operating privilege for 60 days. Failure to pass the examination shall result in the suspension of the operating privilege until the examination has been satisfactorily completed.

and passed the special examination in February of 1978. The court below sustained his appeal, finding that the Bureau's six-month delay (March 24, 1977 to September 25, 1977) in notifying the appellee that he must take the special examination was excessive and that, if he had received prompt notice, he could have taken and passed the test during the 110-day period between his second and third violations and thus removed two points from his record, which would then have shown an accumulation of only nine points on his driving record, not 11.

Our scope of review where the lower court has sustained an appeal to a license suspension ordered by the Bureau is to determine whether or not that court has abused its discretion or committed an error of law. *Department of Transportation, Bureau of Traffic Safety v. Klinchock*, 49 Pa. Commonwealth Ct. 361, 411 A.2d 857 (1980). We must also note that cases decided by this Court subsequent to the common pleas court decision herein concerned require us to reverse the court below and to reinstate the license suspension.

The Bureau concedes that a delay of six months in notifying the appellee of his obligation to take the special examination would require that his suspension be set aside, but it argues that the six-month period must be determined from the *date of conviction* (May 12, 1977) for the offense, not from the date of the violation (March 24, 1977) which was used by the lower court. *See* Section 1535(c) of the Vehicle Code, 75 Pa. C. S. §1535(c). We must agree.

In *Department of Transportation, Bureau of Traffic Safety v. Sheets*, 49 Pa. Commonwealth Ct. 175, 410 A.2d 1295 (1980), this Court noted specifically that the six-month period is to be computed from the date of conviction, and the date of notification here, September 28, 1977, was well within six months of the date of conviction for the second violation, May 12, 1977.

The lower court's finding that the appellee, if he had been given prompt notice of the examination, could have taken the test in the period between his last two violations,[2] is insufficient to support the result below. The fact that the appellee subsequently passed the special examination cannot retroactively reduce his point total so as to defeat the suspension here imposed by the Bureau. In *Department of Transportation, Bureau of Traffic Safety v. Sherwood,* 51 Pa. Commonwealth Ct. 117, 414 A.2d 151 (1980), this Court held that a person who seeks to remove two points from his driving record pursuant to Section 1538 must complete and pass the special examination *before* he commits another violation which would raise his point total to a level requiring a suspension. In that case, as here, the test was not successfully completed until *after* the traffic offense which resulted in an accumulation of 11 points or more.

We can understand the appellee's patient and persistent effort to press this extended appeal, and we realize that he must now accept a suspension of his operator's license at a time of his life when his ability to drive may be more important to his livelihood than it was three and one-half years ago when the suspension was first imposed. The law, however, is clear and dispositive, and we must consequently reverse the court below and reinstate the license suspension.

### ORDER

AND Now, this 9th day of March, 1981, the order of the Court of Common Pleas of Allegheny County, in the above-captioned case, sustaining the appeal of Jack E. Trimmer, is hereby reversed.

---

[2] The 110-day period computed by the common pleas court was based upon the March 27, 1977 date of the violation rather than the May 19, 1977 conviction date.