## PennDOT v. Ede Motor Company

2

*Thomas Hines, deputy attorney general,* for the commonwealth.

*Michaël P. Shay,* for defendant.

BIEHN, *J.,* May 19, 1986 — The Department of Transportation has appealed to Commonwealth Court from our order dated March 10, 1986 sustaining the appeal of Ede Motor Company.

Petitioner, Ede Motor Company, appealed to this court after receiving a warning and order of suspension of dealer registration plates and authorization to issue temporary registration plates. The notice constituted a warning for the first offense and included one-month suspensions to run concurrently on the subsequent violations.

At the hearing held before this court on January 21, 1986, Trooper Ronald Bower, a Garage Inspector for the commonwealth, testified that he visited Ede Motor Company in April and again in July, 1985, as a result of complaints from individuals who had purchased vehicles from petitioner but had not received their title papers and registration cards. After checking petitioner's records, Trooper Bower discovered that the necessary paper work had not been submitted to the commonwealth within the required 10-day period in violation of section 1103(d) of the Vehicle Code which provides as follows:

"§1103. Application for certificate of title

. . .

"(d) Vehicles purchased from dealers. — *If the application refers to a vehicle purchased from a dealer, the dealer shall mail or deliver the application to the department within 10 days of the date of purchase.* The application shall contain the names and addresses of any lienholders in order of priority,

the amounts and the dates of the security agreements, and be assigned by the dealer to the owner and signed by the owner. Any dealer violating this subsection is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $50 for each violation. The requirement that the dealer mail or deliver the application to the department does not apply to vehicles purchased by fleet owners or governmental or quasi-governmental agencies." (emphasis added) 75 Pa.C.S. §1103.

Francis Ede, owner of Ede Motor Company, testified that he has been in business for 31 years. During that time, he received no notices of any violations of the Vehicle Code relating to dealers and dealer registration with the exception of the instant matter. Ede did not dispute Trooper Bower's testimony. He sought, however, to explain his failure to submit the papers to the Department of Transportation. To this end, he testified that he had been through "a terrible tragedy" and had incurred financial difficulties when one of his sons had been arrested and charged with attempted murder.

In conjunction with this, petitioner argues that the penalty section of the Vehicle Code, 75 Pa.C.S. §1374(a)(5), is discretionary. The commonwealth contends that it is mandatory. Section 1374 reads in relevant part:

"§1374. Suspension of vehicle business registration plates

"(a) General rule.—The department *may* suspend registration plates for dealers, manufacturers or members of the "Miscellaneous Motor Vehicle Business" class after providing opportunity for a hearing in any of the following cases when the department finds upon sufficient evidence that:

. . .

"(5) The registrant has failed to deliver to a transferee lawfully entitled thereto or to the department, when and as required by this title, a properly assigned certificate of title." (emphasis added) 75 Pa.C.S. §1374.

We find that the above section is discretionary due to the Legislature's use of the word "may." The definitional section of the Vehicle Code does not define "may." It does, however, define "shall" as, "Indicates that an action is required or prohibited." 75 Pa.C.S. §102. Had the Legislature desired to require the department to suspend the registration plates of the petitioner, it could have used the word "shall."

In *Sakala Motor Vehicle Operator License Case,* 219 Pa. Super. 174, 280 A.2d 596 (1971), the Superior Court considered the use of the word "may" in a different section of the Vehicle Code.

"Section 604.1(a) provides in pertinent part: ". . . [I]n the event that a licensed junior operator is involved in an accident for which he is partially or fully responsible . . . or is convicted of any violation of 'the Vehicle Code' . . . the secretary may, after a hearing, suspend the operating privileges of such junior operator until he has reached the age of 18 years, or for any other period of time." Pursuant to this section, the secretary may suspend for any reasonable period so long as *the offense* occurred while the licensee possessed a junior license. Since section 604.1(a) says the secretary "may" suspend, suspension pursuant to this section is discretionary and the lower court hearing an appeal under section 620 hears the case de novo and determines anew whether the operator's license should be suspended." (citations omitted) Id. at 176.

Having found that section 1374 is discretionary, we must now turn to a view of the circumstances in

this case. Petitioner committed four violations in 31 years of business. The violations do not appear to have been deliberate but rather, were the result of emotional and financial strain on the part of the owner of the company. In addition, no evidence was presented of financial loss or other harm, except a minimum of inconvenience, to the individual purchasers. Under these circumstances, we find that the suspension of petitioner's dealer registration was an extreme penalty.

Accordingly, petitioner's appeal was sustained. ·