419 A.2d 528

**COMMONWEALTH of Pennsylvania**

**v.**

**Solly GERNSHEIMER, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1979.

Filed March 21, 1980.

Alan G. Leisawitz, Reading, for appellant.

J. Michael Morrissey, District Attorney, Reading, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and LIPEZ, JJ.

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas of Berks County, Civil Division, by the defendant–appellant, Solly Gernsheimer, from a summary conviction for violation of *75 Pa.C.S.A. 3362(a)(3)*. The Common Pleas Court, after hearing, had found defendant guilty of the offense. The defendant had appealed his conviction before the magistrate to the Common Pleas Court. The defendant had been found guilty of operating his automobile at a speed of sixty (60) miles per hour in a speed zone, marked by traffic–control signs, which established the maximum allowable speed at forty–five (45) miles per hour in violation of the above section.

Section 3362 of the Motor Vehicle Code of Pennsylvania provides as follows:

"Section 3362. Maximum Speed Limits.

(a) General rule.–Except when a special hazard exists that requires lower speed for compliance with section 3361 (relating to driving vehicle at safe speed), the limits specified in this subsection or established under this subchapter shall be maximum lawful speeds and no person shall drive a vehicle at a speed in excess of the following maximum limits:

(1) 35 miles per hour in any urban district.

(2) 55 miles per hour in other locations.

(3) Any other maximum speed limit established under this subchapter."

Defendant was convicted of operating his vehicle in violation of subsection (a)(3) of this section. On appeal he challenges the legality of the speed zone. More specifically, he alleges that a speed zone in which the maximum speed is set at less than fifty–five (55) miles per hour under subsection (a)(3) is unlawful unless such a speed zone is established on the basis of an engineering and traffic investigation citing *75 Pa.C.S.A. 3363* for this proposition. Said section provides as follows:

"Section 3363.   Alteration of Maximum limits.

The department or local authorities on highways under their respective jurisdictions, upon the basis of an engineering and traffic investigation, may determine that the maximum speed permitted under this subsection is greater or less than is reasonable and safe under the conditions found to exist upon any such highway or part thereof and establish a reasonable and safe maximum limit.   The maximum speed limit may be made effective at all times or at times indicated and may vary for different weather conditions and other factors bearing on safe speeds.   No maximum speed greater than 55 miles per hour shall be established under this Section."

The court below held that since the above–mentioned provisions of the Motor Vehicle Code became effective on July 1, 1977 and since no evidence was presented at the hearing indicating the date that the speed zone was established as a 45 mile per hour zone and since no "engineering and traffic investigation" was required prior to that date that defendant's contention was not a valid reason to dismiss the case against him.   *Section 3111* of the Motor Vehicle Act, *75 Pa.C.S.A. 3111*, provides as follows:

"3111.   Obedience to Traffic–Control Devices.

(a) General Rule.–Unless otherwise directed by an uniformed police officer or any appropriately attired person authorized to direct, control or regulate traffic, the driver of any vehicle shall obey the instructions of any applicable official traffic control device placed or held in accordance with the provisions of this title, subject to the privileges granted the driver of an authorized emergency vehicle in this title.

(b) Proper position and legibility of device.–No provision of this title for which official traffic–control devices are required shall be enforced against an alleged violator if at the time and place of the alleged violations an official device is not in proper position and sufficiently legible to be seen by an ordinarily observant person.   Whenever a particular section does not state that official traffic–con-

trol devices are required, the section shall be effective even though no devices are erected or in place.

(c) Presumption of authorized placement.–Whenever official traffic–control devices are placed or held in position approximately conforming to the requirements of this title, the devices shall be presumed to have been so placed by the official act or direction of lawful authority, unless the contrary shall be established by competent evidence.

(d) Presumption of proper devices.–Any official traffic–control device placed or held pursuant to the provisions of this title and purporting to conform to the lawful requirements pertaining to such devices shall be presumed to comply with the requirements of this title, unless the contrary shall be established by competent evidence."

Subsection (c) of this section applies to the instant case. That subsection provides for the presumption that official traffic–control devices, such as a sign establishing a 45 mile per hour speed limit, are validly placed by an official act or direction or lawful authority. It is uncontested that the speed limit signs were official signs and that they were posted so as to have been readily observable by the motoring public. The Commonwealth was, therefore, entitled to the presumption that they were lawfully authorized.

Defendant's second contention is that the decision of the court below should be reversed because the Commonwealth failed to fulfill the requirements of *75 Pa.C.S.A. 3368(d)* pertaining to the approval and testing of speed timing devices. At the hearing the Commonwealth presented exhibits # 1 and # 2 consisting of a certificate from the Secretary of Transportation under seal appointing YIS Inc., a York Corporation, as an official speed device testing station, and accompanied by a Certificate of Electronic Device Accuracy related to the electronic speed timing device used in this case. Defendant's argument is that the Certificate of Electronic Device (Radar) Accuracy which authenticated the accuracy of the particular radar device used in the instant case should not have been admitted into evidence because this document did not contain an official

seal on its face and the officer who testified at defendant's hearing had not performed the tests on the radar device nor was he present during its testing. Defendant cites *42 Pa.C. S.A. 5328*, adopted June 27, 1978, for the proposition that the certificate of accuracy should have been inadmissible because it was an official record and did not contain the seal. However, *75 Pa.C.S.A. 3368(d)* provides that: ". . . A certificate from the station (radar testing station) showing that the calibration and tests were made within the required period, and that the device was accurate, shall be competent and prima facie evidence of those facts in every proceeding in which a violation of this title is charged".

The section further provides that the radar device must be calibrated every sixty (60) days in order to be admissible as evidence.

■ In our case, exhibit # 1, the certificate establishing the testing station as an official station, contained the state seal. Exhibit # 2, the certificate which established the accuracy of this particular radar device, did not contain such a seal. However, exhibit # 2 was certified by the signature of the person who calibrated the device and by the signature of the person in charge of the testing station. The device was tested on July 25, 1978, found to be accurate, and was used to apprehend the defendant on August 17, 1978 which was within 60 days of its testing date. Thus all of the requirements of *75 Pa.C.S.A. 3368(d)* have been met. There is nothing in that section which requires that a seal appear on the Certificate of Electronic Device Accuracy (Exhibit # 2). Since *75 Pa.C.S.A. 3368(d)* applies particularly to proofs in speeding cases we hold that it takes preference over the general requirements of the Official Documents Law *(42 Pa.C.S.A. 5328)* in speeding situations.

■ We hold that in prosecuting speeding cases where a radar or other electronic device is used to calibrate a defendant's speed that in order to introduce the results of such into evidence the Commonwealth must offer a Certificate, certified by the Secretary of Transportation or his designee

certifying the agency which performs the tests on the devices as an official testing station, and must introduce a Certificate of Electronic Device (radar) Accuracy into evidence. The Certificate of Electronic Device (radar) Accuracy must be signed by the person who performed the tests and the engineer in charge of the testing station, must show that the device was accurate when tested by stating the various speeds at which it was tested and the results thereof, and must show, on its face, that the particular device was tested within sixty (60) days of the date it was used to calibrate the particular defendant's speed. See *Commonwealth v. Druschel*, 36 D. & C.2d 398 (1966).

Order affirmed.