## Commonwealth v. Musser

*R. Michael Kaar,* for the Commonwealth.
*Wayne Patton,* for defendant.

KREHEL, *P.J.,* September 7, 1983—In the case of Commonwealth v. Gernsheimer, 276 Pa. Super. 418, 419 A.2d 528 (1980), the Superior Court decided that "where a radar or other electronic device is

used to calibrate a defendant's speed that in order to introduce the results of such into evidence the Commonwealth' must offer a Certificate, . . . and must introduce a Certificate of Electronic Device (radar) Accuracy into evidence. The Certificate of Electronic Device (radar) Accuracy must be signed by the person who performed the tests and the engineer in charge of the testing station. . . ."

In the present case the engineer in charge of the testing station failed to sign the certificate of accuracy. However, in the present case radar was not used to calibrate defendant's speed. A VASCAR-plus device was used. The VASCAR-plus device is and electrical-mechanical device and not simply an electronic device. The Gersheimer case did not contemplate the VASCAR-plus device and, therefore, Gersheimer does not apply.

We hold that certificates of accuracy as used to determine the accuracy of electrical-mechanical devices need not be signed by the engineer in charge of the testing station. Therefore, we find that the Commonwealth has complied with all the requirements of 75 Pa.C.S. §3368(d) and that the certificate of accuracy was properly admitted into evidence. Consequently, we must uphold defendant's conviction for operating a motor vehicle at 53 M.P.H. in a posted 35 M.P.H. zone under Pa. Vehicle Code §3362(a)(1) and deny his appeal.

Accordingly, we enter the following

### ORDER

And now, this September 7, 1983, it is ordered, adjudged, and decreed that after a review of the record and briefs submitted, and the applicable law defendant's appeal is hereby denied.