466 A.2d 219

**COMMONWEALTH of Pennsylvania**

v.

**Frank Joseph GUSSEY, Appellant.**

Superior Court of Pennsylvania.

Argued April 28, 1983.
Filed Sept. 30, 1983.

David Abrams, Monroeville, for appellant.

Kemal A. Mericli, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before ROWLEY, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge:

This is an appeal by the appellant, Frank Joseph Gussey, from the Order[1] of the Court of Common Pleas of Allegheny County finding him guilty of violating 75 Pa.C.S.A. § 3362(a)(2) (Speeding). We affirm.

---

[1] Both appellant and appellee erroneously label the appeal as one taken from the *Order* of the Court of Common Pleas of Allegheny County, instead of captioning it as one taken from a *judgment of sentence. See, e.g., Commonwealth v. Jonnet,* 265 Pa.Super. 315, 401 A.2d 1228 (1979); *Commonwealth v. Shelton,* 260 Pa.Super. 82, 393 A.2d 1022 (1978); *Commonwealth v. Burall,* 146 Pa.Super. 525, 22 A.2d 619 (1941); Pa.R.Crim.P. 67. Notwithstanding this palpable error, we affirm the actions of the court below.

The facts consist of the following: On June 25, 1981, Trooper Lee Michael Formichella had established a radar site on the Pennsylvania Turnpike at milepost 54.7 in Monroeville, Allegheny County. At approximately 5:35 a.m., a red Dodge coupe, bearing Pennsylvania registration, entered the influence of the radar beam at a speed of 80 miles per hour. The posted speed is 55 miles per hour. The Trooper waved the vehicle over, and appellant stopped a short distance down the road. For exceeding the legal speed limit, appellant was issued a citation in compliance with Pa.R.Crim.P. 51 A(1).

Appellant pleaded not guilty to the summary violation and gave notice of his plea to the appropriate authorities, and a hearing was scheduled before John H. Salton, District Justice, for July 14, 1981. Appellant was given notice of the trial by letter dated July 8, 1981. Pa.R.Crim.P. 55. At the proceedings, both Trooper Formichella and appellant, who was represented by counsel (David Abrams), testified. At the conclusion of the hearing, the District Justice found appellant guilty and ordered him to pay the amount of the fine ($75.00) and court costs ($15.00).

On July 21, 1981, appellant's counsel filed a timely notice of appeal from the summary conviction with the prothonotary of the court of common pleas. Pa.R.Crim.P. 67(a) & (c). As a result thereof, the District Justice submitted a certified transcript of the docket with the Clerk of Courts of Allegheny County (Pa.R.Crim.P. 67(e)), and the case was listed for a *de novo* hearing on August 31, 1981. Pa.R. Crim.P. 67(f).

Prior to the *de novo* hearing, counsel for appellant filed an "Omnibus Pretrial Motion" requesting that the court quash the "Citation" and dismiss the proceedings for the following reasons:

a. The provisions of Rule 69 of the Pennsylvania Rules of Criminal Procedure as it relates [sic] to report of disposition in summary offenses under the Vehicle Code has [sic] been violated in that the Magistrate has not executed the Affidavit which appears on the reverse side

of the Citation ..., and further, no adjudication appears on said traffic citation, all of which violate the provisions of Rule 69 of the Pennsylvania Rules of Criminal Procedure for summary conviction matters.

At the proceedings, presided over by the Honorable Nicholas P. Papadakos, argument was heard initially on counsel's complaint that the "Certificate of Disposition," which appears on the back of the "Citation" issued to the appellant by Trooper Formichella, was incomplete in that the line situated immediately above the legend "Signature of District Justice," and preceded by the verbiage: "The information contained hereon is true and correct and I have affixed the seal of my office[,]" was blank.[2] This deficiency, according to counsel, resulted in the entry of "no conviction [by] the District Magistrate" because he had "not given an adjudication at this point." (N.T. 8/31/81 at 3) The court rejected counsel's argument and proceeded to hear testimony from the only witness to appear (appellant was not present) concerning what transpired on the day in question.

Trooper Formichella's accounting of the events were not contested by appellant's counsel, which appear *supra*. However, when the Commonwealth sought to introduce into evidence a document verifying that the radar equipment utilized by the trooper was certified (by a John E. Griffin of E.I. & L. Instruments) and signed (by a Haddle Rice, engineer in charge of testing) in compliance with the law regarding operability, counsel for appellant objected. He did so on the ground that because the information on the June 25, 1981 document had been "typed," save for the signatures of Griffin and Rice, the Commonwealth had not established that the document proving accuracy "was, in fact, signed that day." (N.T. 8/31/81 at 10) In other words, counsel's position would seem to be that, short of the signators appearing in court and testifying that the date "typed" on the document coincided with the date the radar

2. The same can be said about the line appearing right above the scribe "Magisterial District No.," which is situated immediately below the place designated for the District Justice's signature.

equipment was tested, the Commonwealth had fallen short of establishing the authenticity of the document so as to permit its introduction into evidence. The trial court did not agree and, accordingly, overruled counsel's objection.

At the completion of the hearing, the trial court found appellant guilty as charged. Timely post-trial motions were filed and denied.[3] This appeal followed.

Before addressing the merits of appellant's claims, we note that our scope of review in this case, where the lower court has heard the case *de novo*, is to determine whether or not the findings of fact are supported by competent evidence and to correct conclusions of law erroneously made. *McKay v. Commonwealth of Pa.*, 52 Pa.Cmwlth. 24, 415 A.2d 910 (1980). Also, the action of the lower court will not be disturbed on appeal except for manifest abuse of discretion. *Commonwealth v. McCartney*, 2 Pa.Cmwlth. 540, 279 A.2d 77 (1971).

Having set forth the standard of review, we may now proceed to the merits of the claims raised by appellant.

The first issue, which was presented to the trial court in pre and post-trial motions, and, thus, preserved for our review (*see Commonwealth of Pa., Depart. of Trans., Bureau of Traffic Safety v. Gross*, 16 Pa.Cmwlth. 524, 330

---

3. It needs to be mentioned that counsel for appellant filed *both* a "Motion in Arrest of Judgment" and "Exceptions to Non-Jury Verdict." He did so because of his admitted confusion as to which avenue to pursue in preserving his client's post-trial rights, i.e., he did not know whether the Rules of Civil Procedure or the Rules of Criminal Procedure controlled in the instant summary case.

   To clarify the matter, we wish to point out that since the filing of counsel's post-trial motions *Commonwealth v. Koch*, 288 Pa.Super. 290, 431 A.2d 1052 (1981) was decided. There, this Court, sitting en banc, held that: "once an appeal is taken to the Court of Common Pleas [from a summary conviction], ... all general provisions of the criminal rules become applicable to the trial de novo unless specifically made inapplicable [—e.g., Rules 1100 and 316]." *Id.*, 288 Pa.Superior Ct. at 294 & n. 5, 431 A.2d at 1054 & n. 5. *Accord Commonwealth v. Pringle*, 304 Pa.Super. 67, 450 A.2d 103 (1982); *Comment* to 1982 edition of Pa.R.Crim.P. 67 ("Upon appeal from a summary judgment and after a finding of guilt at a trial de novo in the court of common pleas, Rule 1123 is intended to require post-verdict motions in the common pleas court.").

A.2d 302 (1974)), appears in appellant's brief and consists of the following allegation; viz.:

> ... that the failure of the District Magistrate to complete the reverse side of the traffic citation ..., namely, the [s]ection that deals with the adjudication and disposition and the subsequent failure of the District Magistrate to execute said Certificate of Disposition and adjudication constitutes a substantial error under the substantive defects provisions of Rule 150(b) of the Pennsylvania Rules of Criminal Procedure [so as to] justif[y] dismissal of the charges in this matter. (Appellant's Brief at 10–11)

We start by noting that at the time the instant action was commenced Pa.R.Crim.P. 150, and the *Comment* thereto, read: [4]

### RULE 150. Defects in Complaint, Citation, Summons or Warrant

#### (a) Informal Defects:

No person arrested under a warrant or appearing in response to a summons or citation shall be discharged from custody nor shall any case be dismissed because of any informal defects in the complaint, citation, summons, or warrant, but the complaint, citation, summons or warrant, may be amended at any time so as to remedy any such informality.

#### (b) Substantive Defects:

If a complaint, citation, summons or warrant contains a substantive defect, the defendant shall be discharged unless he waives the defect. Nothing in this rule shall prevent the filing of a new complaint or citation and the

---

4. In 1981 Rule 150 was amended to clarify when a defendant should be discharged or a case dismissed because of a defect. It provides:

> **Rule 150. Defects in Form, Content, or Procedure—Court Cases**
> Defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, summons, or warrant, or a defect in the procedures of this Chapter, unless the defendant raises the defect before the conclusion of the preliminary hearing and the defect is prejudicial to the rights of the defendant.

issuance of process in which the defect is corrected in a proper manner.

*   *   *   *   *   *

*Comment:* "Informal defect" refers to errors which do not prevent the substantive content of the document from being plainly understood.

Substantive defects would include those cases in which the defendant's identity cannot be determined or in which the offense is not properly described.

Any new complaint must be filed within the time permitted by a statute of limitations.

We also make reference to Rule 150 since it may fairly be held that appellant's contention raises the issue of whether the Rule required his discharge before the trial *de novo* due to a substantively defective "Citation."

Assuming, *arguendo*, that the "Citation" in this case contained substantive defects, the appellant would not have been entitled to a dismissal of the Motor Vehicle Code violation (speeding) for several reasons.

First, the proceeding below was a trial *de novo* before the Court of Common Pleas of Allegheny County. "De novo review entails, as the term suggests, full consideration of the case anew. The reviewing body is in effect substituted for the prior decision maker and redecides the case. The reviewing court may not, however, change the statutory law under which the original decision was made." *Commonwealth v. Virnelson,* 212 Pa.Super. 359, 367, 243 A.2d 464, 469 (1968). *Accord Commonwealth v. Krut,* 311 Pa. Super. 64, 457 A.2d 114 (1983); *Commonwealth v. Kyle,* 307 Pa.Super. 446, 453 A.2d 668 (1982); *Commonwealth v. Koch,* 288 Pa.Super. 290, 431 A.2d 1052 (1981); Pa.R. Crim.P. 67(f).

Second, the instant case is not concerned with a point system suspension under Section 1538(a) of the Motor Vehicle Code.[5] 75 Pa.C.S.A. § 1538(a).

---

**5.** Trooper Formichella cited the appellant for traveling 80 m.p.h. in a 55 m.p.h. speed zone, which was in violation of 75 Pa.C.S.A. § 3362.

Third, because of the nature of the *de novo* trial, the Court of Common Pleas of Allegheny County was not reviewing the District Justice's summary *conviction* of the appellant. Rather, the trial judge was to determine whether a *violation* had taken place under 75 Pa.C.S.A. § 3362, the provision with which appellant was charged with contravening. *See Commonwealth of Pa., Depart. of Trans., Bureau of Traffic Safety v. Mislivets,* 12 Pa.Cmwlth. 59, 315 A.2d 307 (1974).

Keeping the aforesaid in mind, we find that what was said by the Commonwealth Court in *Civitello v. Commonwealth of Pa., Depart. of Trans., Bureau of Traffic Safety,* 11 Pa.Cmwlth. 551, 315 A.2d 666 (1974), in dealing with a situation similar to the one confronting us now, to be germane to the manner in which we dispose of the case *sub judice;* viz.:

> The appellant here has raised three issues, none of which are persuasive. First, he asserts that his license was not subject to suspension because no proper report of conviction was transmitted by the justice of the peace. This not being a point-system suspension [case] under the provisions of Section 619.1 of The Vehicle Code, 75 P.S. § 619.1, [*repealed* by the Act of June 17, 1976, P.L. 162, § 7; reenacted at 75 Pa.C.S.A. § 1531 *et seq.,*] and the appellant being entitled to and receiving a hearing de novo before the Court of Common Pleas of Chester County, the propriety of the magistrate's conviction report is of no moment nor is it entitled to any consideration by the court below or this Court on review.
>
> Next, appellant contends that the Commonwealth failed to sustain its burden of proof at the hearing de novo because the magistrate's report of conviction was offered but not admitted into evidence. An examination of the record will disclose that the report was not admitted into evidence but, as we have noted, the testimony of the

Thus, under 75 Pa.C.S.A. § 1535(a), appellant is susceptible to receiving 4 points because of the ultimate ruling of this Court upholding the trial court's conviction of the appellant for violating Section 3362.

arresting officer provided sufficient evidence to show that appellant had committed the offense of speeding. Accordingly, the record does disclose that the Commonwealth did sustain its burden of proof at the hearing de novo.

*Id.*, 11 Pa.Cmwlth. at 554–555, 315 A.2d at 668.

Instantly, as in *Civitello*, we are dealing with a hearing *de novo* before a court of common pleas from a magistrate's summary conviction of a traffic violation, in which a point-system suspension is not involved. *A fortiori*, in compliance with *Civiletto*, this Court need not consider the propriety of the District Justice's conviction report ("Certification of Disposition") in deciding whether to affirm the trial court's decision. We need only look to the evidence adduced at the hearing.

■ Since the admissibility of the results of the speed timing device utilized by Trooper Formichella in "clocking" the appellant traveling at 80 miles per hour is inextricably tied to the sufficiency of the evidence question, we must, initially, respond to the last of appellant's claims. That is, "[i]t is submitted by the Appellant that the document which was sought to be introduced and which was allowed to be introduced into evidence over the objection of the Appellant was non-authenticated for the reason that it contained no date as to the execution thereof and, the Commonwealth did not bring in the party who executed same to verify the date of execution." (Appellant's Brief at 14)

An examination of the statutory and case law on the subject of authentication of speed timing devices, when aligned against the record at bar, exposes the folly of appellant's argument. For example, in subsection (d) of Section 3368, captioned "Speed timing devices," the Legislature promulgated the following criteria for the approval and testing of devices used to gauge the rate of speed of all vehicles on any Commonwealth highway by a police officer:

All mechanical, electrical or electronic devices shall be of a type approved by the department [of transportation of the Commonwealth], which shall appoint stations for cali-

brating and testing the devices and may prescribe regulations as to the manner in which calibrations and tests shall be made. The devices shall have been tested for accuracy within a period of 60 days prior to the alleged violation. A certificate from the station showing that the calibration and test were made within the required period, and that the device was accurate, shall be competent and prima facie evidence of those facts in every proceeding in which a violation of this title is charged. 75 Pa.C.S.A. § 3368(d).

In *Commonwealth v. Gernsheimer*, 276 Pa.Super. 418, 419 A.2d 528 (1980), we had occasion to discuss those requirements that need to be met as a condition precedent to introducing evidence secured by means of a speed timing device; to-wit:

> We hold that in prosecuting speeding cases where a radar or other electronic device is used to calibrate a defendant's speed that in order to introduce the result of such into evidence the Commonwealth must offer a Certificate, certified by the Secretary of Transportation or his designee certifying the agency which performs the tests on the devices as an official testing station, and must introduce a Certificate of Electronic Device (radar) accuracy into evidence. The Certificate of Electronic Device (radar) Accuracy must be signed by the person who performed the tests and the engineer in charge of the testing station, must show that the device was accurate when tested by stating the various speeds at which it was tested and the results thereof, and must show, on its face, that the particular device was tested within sixty (60) days of the date it was used to calibrate the particular defendant's speed.

*Id.*, 276 Pa.Superior Ct. at 423–424, 419 A.2d at 530.

In the case at bar, the testimony of Trooper Formichella, regarding the facts surrounding the issuance of the "Citation" to the appellant, is set forth *supra*, and, thus, will not be repeated here. However, as to the speed timing device (R–6 model 3416/3439), it is important to recount that the

Commonwealth offered into evidence the "certificate of accuracy." The document contained the signatures of John E. Griffin, of E.I. & L. Instruments, and Haddle Rice, the engineer, both of whom certified "that the radar was testing out perfect" as of *June 25, 1981, the same day appellant was cited for speeding.* (N.T. 8/31/81 at 9) The Commonwealth next "ask[ed] the Court to take judicial notice that the testing station is one authorized by the Pennsylvania Department of Highways under Volume 10 of the Pennsylvania Bulletin, and also that the radar is the type that is approved by the Department pursuant to the provision of Volume 10 of the Pennsylvania Bulletin." (N.T. 8/31/81 at 12) The trial court took judicial notice of these facts as it was required to do by the Commonwealth Documents Law. Act of July 9, 1976, P.L. 877, No. 160, § 1; 45 Pa.C.S.A. §§ 501 and 506 (1982 Pamphlet); *see also Commonwealth v. Gilbert,* 254 Pa.Super. 579, 386 A.2d 101 (1978).

Although in his brief to this Court, as well as in post-trial motions, appellant states that the "certificate of accuracy" contained *no* date (or was *un*dated) as to the execution thereof, the record reveals that appellant's *objection at trial* was that because the date was "just ... typed in" the authenticity of the document had not been proven, and, consequently, was inadmissible. (N.T. 8/31/81 at 10) However, since the ground for objection to the introduction of the document was specifically stated at trial, "all other reasons for exclusion will be considered as waived, even though the objection urged on appeal, though not made on the trial of the case, was made on argument of a motion for new trial [or in exceptions to a non-jury verdict]." (Footnotes omitted) 2 Henry, Pennsylvania Evidence, § 724. Thus, we consider preserved for our review only the argument that the "certificate of accuracy" was rendered inadmissible because the date appearing thereon was "typed in" rather than manually affixed.[6]

---

**6.** Our thorough review of the record has failed to produce the "certificate of accuracy" which was admitted into evidence at the trial *de*

A response to appellant's assertion need not detain us long, for as we read the statutory section (75 Pa.C.S.A. § 3368(d)) and the case law (*see Commonwealth v. Gernsheimer, supra*) on the subject, we find that the Commonwealth has rigidly adhered to the requirements necessary to verify the accuracy of the speed timing device used by Trooper Formichella. Furthermore, we wish to make it clear that the Commonwealth can utilize any means to fill in the "certificate of accuracy," i.e., by typing or hand-writing the required data, except for the *signatures* of the certifying personnel. *See generally Commonwealth of Pa., Depart. of Trans., Bureau of Traffic Safety v. Kluger*, 12 Pa.Cmwlth. 460, 317 A.2d 686 (1974).

Having disposed of appellant's complaints, and no other alleged errors having been brought to our attention, we affirm.[7]

*novo.* Nonetheless, our ability to rule on appellant's claim is not hampered, for the testimony given at trial, which is unchallenged by the appellant, accurately reconstructs the document and the condition it was in when produced at the proceedings. Additionally, appellant does not question the existence of the document. Quite the contrary, he admitted to its existence at trial and does so again on appeal. In fact, appellant merely attacks the authenticity of the "certificate of accuracy" on the basis that because the date was typed instead of written by hand it is unauthentic and inadmissible. We do not agree. *See* discussion *infra.*

7. We wish to point out that the cases cited by the appellant in support of his position that the absence of the District Justice's signature warrants a dismissal of the summary conviction are inapposite to the case at bar. *E.g., Epps v. Commonwealth of Pa., Depart. of Trans., Bureau of Traffic Safety*, 11 Pa.Cmwlth. 544, 314 A.2d 884 (1974). Appellant's averment is more properly the subject of review when, and if, the Secretary of Transportation *suspends* his license. At that stage, he can appeal to the court of common pleas and assert that the Secretary of Transportation is precluded from entering such a suspension because the District Justice's records are not in proper form. *Id.; cf. Commonwealth of Pa., Depart. of Trans., Bureau of Traffic Safety v. Kluger, supra; Commonwealth of Pa., Depart. of Trans., Bureau of Traffic Safety v. Hepler*, 2 Pa.Cmwlth. 516, 279 A.2d 93 (1971).