### Commonwealth v. Craft

*Richard Saxton, assistant district attorney,* for the Commonwealth.

*Michael F. Salisbury*, for defendant.

BROWN, *P.J.*, March 27, 1986—Defendant was found guilty at a summary conviction appeal hearing by this court of violating the speeding provisions of section 3362(a)(2) of the Vehicle Code. The underlying facts in support of the violation were that on June 8, 1985, defendant was clocked by radar traveling 86 miles per hour in a 55-mile-per-hour zone by Trooper Theodore Laubscher of the Pennsylvania State Police. Based on Trooper Laubscher's testimony and the supporting evidentiary exhibits as to the authorization for the radar device used, as well as its accuracy as evidenced by an official testing station within the required time period, defendant was found guilty, following which the present post-trial motions were timely filed.

Preliminarily, it should be noted in his motion that defendant questioned the sufficiency of the evidence to sustain the verdict as well as alleging the verdict was against the weight of the evidence. No specific arguments were advanced in defendant's brief in support of these allegations and the court therefore dismisses them standing by the reasons cited at the time of hearing for the finding of guilt.

Defendant has also argued that the court erred in permitting the introduction of the radar test results into evidence because the Commonwealth failed to enter both a certificate signed by the Secretary of Transportation or his designee certifying the testing agency and a certificate of electronic device radar accuracy. As previously noted, the Commonwealth did present a certificate of accuracy for the radar device used and further asked the court to take judicial notice of the provisions in the Pennsylvania Bulletin indicating that the secretary had certified the testing station in question. The court acceded to

this request. It is this aspect of the court's ruling that defendant challenges relying on the case of Commonwealth v. Gernsheimer, 276 Pa. Super. 418, 419 A.2d 528 (1980).

The court has dealt with this issue before in the case of Commonwealth of Pennsylvania v. Lester W. Hittie, no. 163-85 Criminal Division. In Hittie, the court discussed the Gernsheimer case as well as the case of Commonwealth v. Gussey, 319 Pa. Super. 398, 466 A.2d 219 (1983). From a reading of both of those cases the court concluded that it was required to take judicial notice of the Pennsylvania Bulletin and the Commonwealth's official publications therein and that it was not necessary to introduce a certificate signed by the secretary certifying the testing agency as being authorized to test radar devices for accuracy. Based upon that decision, the court feels no further discussion is needed on this issue.

Defendant has also raised an issue of double jeopardy based upon the proceedings that occured before the district justice. The facts relied upon by defendant which the Commonwealth has not challenged occurred at the district justice level when a summary trial was held on July 22, 1985. Trooper Laubscher apppeared at that trial and presented the Commonwealth's case and was cross-examined by defense counsel. Upon the Commonwealth's resting, defendant moved for dismissal of the citation on two grounds. Initially he objected that the traffic citation issued was defective in that it failed to indicate the speed at which defendant was driving and the posted speed for Interstate 80 where he was driving. Specifically defendant's objection was to the citation's containing in item 10 an indication that defendant's speed was expressed as follows: "Speeding 86" as well as the designation

"Allowed 55 Radar." Defendant's argument against this manner of preparing the citation was the fact that the letters "MPH" did not appear after the listed speeds. Defendant's request for a dismissal also included the certification issue previously discussed.

. District Justice Gilmore ruled upon defendant's motion by dismissing the citation finding that the complaint was defective because it failed to use the designation "MPH" after the listed speeds. The citation was dismissed under Pa.R.Crim.P. 70 as being defective.

Following the dismissal of the citation, Trooper Laubscher apparently refiled the citation which District Justice Gilmore immediately issued to defendant charging him with the same violation of section 3362(a)(2). Following defendant's request for a hearing, a second hearing was held on August 21, 1985 before District Justice Gilmore, at which time defendant raised the issue of double jeopardy which was denied by the district justice who then found defendant guilty of the underlying offense. At the time of the summary conviction appeal hearing before this court defendant's double-jeopardy argument was rejected and it is now before the court again for disposition as a post-hearing motion.

Defendant's primary argument with regard to double jeopardy is that the district justice dismissed the citation because he found the citation was defective and prejudicial to the rights of defendant. Defendant cites Pa.R.Crim.P. 90, which is the successor to Pa.R.Crim.P. 70. The former rule's effective date has been delayed and for purposes of this proceeding Pa.R.Crim.P. 70 is the applicable rule.

Defendant further argues that since the dismissal speaks to the prejudicial effect of the defect, the refiling of the citation is barred. Defendant has cited a number of cases dealing with and construing the

double-jeopardy clause of both the United States and Pennsylvania Constitutions. However those cases by and large deal with instances where a decision was made on the merits of the case and not on some procedural defect such as is present in this case. If defendant had secured a finding of not guilty from District Justice Gilmore, or in the alternative had secured a dismissal based on a lack of sufficiency of the evidence, the court would have little hesitancy in agreeing with his double-jeopardy position. Unfortunately for defendant's position, this is not the case.

Defendant has further argued in support of his position that the double-jeopardy clause applies to proceedings before a district justice. The court does not quarrel with this argument in the context of dealing with a matter that was decided on the merits before the district justice. In this regard defendant has cited the case of Commonwealth v. Stumpo, 306 Pa. Super. 447, 452 A.2d 809 (1982). The Stumpo court dealt with the distinction to which the court is referring and that is when a demurrer is granted on factual instead of legal grounds a retrial of the charge works in violation of the double-jeopardy clause of the Fifth Amendment. In this case the facts relied upon by defendant indicate that the charge was dismissed on legal grounds not factual grounds. The factual finding which defendant advances is not a finding as to the underlying facts in support of the charge but rather a factual finding as to some technical defect in the citation. Even this technical defect is somewhat suspect as the court doubts that the citation should have been dismissed for the reasons which defendant successfully urged upon the district justice. In this regard the court believes that the use of the numbers "86" and "55" in the citation put defendant on adequate notice that

he was being charged with driving 86 miles per hour in a 55-mile-per-hour speed zone.

Thus the court accepts the Commonwealth's argument on this matter and concludes that the double-jeopardy provisions of the Fifth Amendment to the United States Constitution do not apply to the proceedings previously described before the district justice. The recent case of Commonwealth v. Adams, Pa. Super. , 502 A.2d 1345 (1986), reinforces the court's position on the matter.

## ORDER

And now, March 27, 1986, based upon the foregoing opinion, it is hereby ordered that defendant's post-hearing motions be dismissed and the requested relief be denied.

It is further ordered that the statutorily mandated sentence imposed by the court on February 4, 1986 be reinstated effective this date.