522 A.2d 59

**COMMONWEALTH of Pennsylvania**

**v.**

**James F. KUCHAR, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 1, 1986.

Filed Jan. 14, 1987.

Reargument Denied March 24, 1987.

---

Leonard N. Zito, Bangor, for appellant.

James P. Gregor, Stroudsburg, for appellee.

Before TAMILIA, HOFFMAN and HESTER, JJ.

TAMILIA, Judge:

Appellant, James F. Kuchar, was found guilty by a district magistrate of violating the maximum speed limits and was sentenced to pay a $59 fine in accordance with the provisions of 75 Pa.C.S.A. § 3362. A verdict was not rendered at the conclusion of the February 24, 1986 hearing, but rather, was mailed to appellant on April 16, 1986. Appellant then appealed to the Court of Common Pleas, wherein, after a trial *de novo*, he was found guilty of violating 75 Pa.C.S.A. § 3362. Appellant then instituted the present appeal.

Appellant raises two issues for our review, both of which pertain to alleged errors in the proceeding before the district magistrate. We note that no allegations have been raised concerning errors in the trial *de novo*. Appellant first alleges the district magistrate erred in not announcing the verdict and sentence in open court immediately upon the conclusion of the hearing. Furthermore, appellant claims the issuing officer's failure to specify on the citation the manner in which appellant's vehicle was timed for the speeding violation deprives appellant of his due process right to notice.

> Pennsylvania Rule of Criminal Procedure 90 provides: A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the proceedings of this chapter, unless the defendant raises the defect before the conclusion of the summary trial and the defect is prejudicial to the rights of the defendant.

Appellant did not raise either issue during the summary trial. Thus, pursuant to Pa.R.Crim.P. 90, appellant cannot now argue for discharge or dismissal of this action when he failed to properly raise the issues below. Also, it appears the delay in rendering the verdict was at the appellant's instigation as he submitted points of law to the district justice at the conclusion of the trial, with the request that she review them prior to making her determination. (Appellee's brief at 2).

Furthermore, we are in full agreement with the lower court's finding that "the alleged improprieties are of no consequence since the Defendant received a trial *de novo* in the Court of Common Pleas." (Slip Op. O'Brien, J., 7/14/86, p. 2). As this Court stated in *Commonwealth v. Gussey*, 319 Pa.Super. 398, 403–04, 466 A.2d 219, 222 (1983) (quoting *Commonwealth v. Virnelson*, 212 Pa.Super. 359, 367, 243 A.2d 464, 469 (1968)), "De novo review entails, as the term suggests, full consideration of the case anew. The reviewing body is in effect substituted for the prior decision maker and redecides the case." Appellant has raised no allegations concerning errors in the trial *de novo* proceedings, and since we have no basis to review alleged errors in the summary trial, we must affirm judgment of sentence.

Judgment of sentence affirmed.