## Commonwealth v. Gauhs

*Elmer D. Christine Jr., assistant district attorney,* for the commonwealth.
*John P. Lawler,* for defendant.

O'BRIEN, *J.*, February 22, 1988—On November 4, 1987, a Pennsylvania state trooper operating a radar device clocked defendant operating his motorcycle at 86 m.p.h. in a 45 m.p.h. zone. While operating the radar device, the trooper was parked in a private driveway adjoining a public roadway. At trial, evidence was produced that the radar device was an approved mechanism, was tested by a testing station on an approved list, and a certificate of accuracy was introduced into evidence establishing that the device was tested and found accurate on October 12, 1987. Defendant was found guilty at trial on January 26, 1988 and has filed timely post-verdict motions which are now before the court for disposition.

Defendant argues that since the State Police trooper did not produce evidence of his authorization to be located in a private driveway while operating his radar device, any evidence resulting from the use of the radar device should be excluded by the court. The testimony at hearing failed to dis-

close that the officer was, as defendant alleges, a trespasser on private property. A similar argument was rejected by the Court of Common Pleas of Dauphin County in *Commonwealth v. White*, 73 D. & C. 191 (1933), where the presence of police officers on private property without consent of the owner was held not to be a basis to exclude evidence obtained by them in a criminal proceeding. Counsel for defendant has not presented any authority to the contrary nor are there any more recent cases supporting defendant's position.

The second issue pertains to the admissibility of the certificate of accuracy admitted over defendant's objection at trial. Defendant argues that the certificate of accuracy should not have been admitted because the person who prepared it was not available for cross-examination at trial. In support of this proposition, defendant relies upon *Commonwealth v. Seville*, 266 Pa. Super. 587, 405 A.2d 1262 (1979) and *Commonwealth v. McNaughton*, 252 Pa. Super. 302, 381 A.2d 929 (1977) which are distinguishable from the case at bar in that both cases involved the admissibility of hospital records. In *Commonwealth v. Gernsheimer*, 276 Pa. Super. 418, 419 A.2d 528 (1980), our Superior Court upheld the provisions of 75 Pa. C.S. 3368 (b) authorizing the admission of certificates of accuracy at trial. Therefore, defendant's post-verdict motions are without merit.

## ORDER

And now, February 22, 1988, the post-verdict motions of Frederick H. Gauhs are denied. Defendant is directed to appear before the court for sentencing on February 23, 1988 at 9:30 a.m.