**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ALBERTO MARMELUC | |
| Appellant | No. 794 WDA 2015 |

Appeal from the Judgment of Sentence March 5, 2015
In the Court of Common Pleas of Bedford County
Criminal Division at No(s): CP-05-SA-0000004-2015

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PANELLA, J.

MEMORANDUM BY PANELLA, J.                    **FILED JULY 26, 2016**

Appellant, Alberto Marmeluc, appeals from the judgment of sentence entered after the trial court found him guilty of speeding, a summary offense, in violation of 75 Pa.C.S.A. § 3362(a)(3). Marmeluc argues that the evidence at trial was insufficient to establish that he had exceeded the maximum posted speed limit or that the radar gun used had been properly certified. In the alternative, he contends that the verdict was against the weight of the evidence at trial. After careful review of the record, we cannot find any error in the trial court's decision, and therefore affirm.

While driving on the Pennsylvania Turnpike, Marmeluc was pulled over and charged with exceeding the maximum posted speed limit in an active work zone. After a hearing, Magisterial District Judge Cathy S. Calhoun

found him guilty and imposed a fine. Marmeluc appealed to the Court of Common Pleas of Bedford County.

At the summary appeal hearing, Corporal John Mowery of the Pennsylvania State Police testified that he had used a radar gun to clock Marmeluc travelling at 58 miles per hour in a 40 mile per hour zone. Marmeluc testified that he was travelling with the flow of traffic at the posted speed limit, but that Corporal Mowery was stationed at the point where the speed limit dropped from 55 to 40 miles per hour. The trial court found Marmeluc guilty of speeding, but found that the Commonwealth had failed to establish that this occurred in an active work zone. This timely appeal followed.

On appeal, Marmeluc first argues that the evidence at trial was insufficient to establish that he was speeding. We review a challenge to the sufficiency of the evidence as follows:

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually

received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

*Commonwealth v. Slocum*, 86 A.3d 272, 275-276 (Pa. Super. 2014) (citation omitted). When reviewing a bench trial, we review the record to ensure the findings of fact are supported by competent evidence and that the trial court did not commit an error of law. *See Commonwealth v. Kaufman*, 849 A.2d 1258, 1259 (Pa. Super. 2004).

Marmeluc's argument is best described as a "shotgun" or "kitchen sink" approach, whereby he lists a series of critiques of the evidence presented by the Commonwealth. For example, Marmeluc asserts that the Commonwealth "failed to show that they tracked the speed of Appellant's vehicle for over 500 feet." Appellant's Brief, at 8. However, he does not support these critiques with any citations to precedent, statute, or regulation. After reviewing this catalogue of critiques, we conclude that they are all arguments addressed to the weight of the evidence, not its legal sufficiency.

To the extent that Marmeluc argues a general challenge to the sufficiency of the evidence, we note that Corporal Mowery testified that his radar gun indicated that Marmeluc was driving at a speed of 58 miles per hour in a zone where the posted speed limit was 40 miles per hour. *See* N.T., Summary Appeal Hearing, 3/5/15, at 6. The trial court was entitled to credit this testimony, and it is sufficient to establish that Marmeluc was driving at a speed exceeding the maximum posted limit. Marmeluc's first argument on appeal merits no relief.

Next, Marmeluc argues that the Commonwealth failed to meet its burden of establishing that the radar gun used by Corporal Mowery had been calibrated by an approved testing station. Under 75 Pa.C.S.A. § 3362, in order to sustain a conviction for speeding, the Commonwealth must prove, among others, that the timing "device was calibrated and tested for accuracy within the prescribed time period by a station which has been approved by the [Department of Transportation.]" *Commonwealth v. Kaufman*, 849 A.2d 1258, 1259 (Pa. Super. 2004) (citations omitted). This element is part of the Commonwealth's evidentiary burden to sustain the conviction; it is not merely a condition of admissibility for the test results. *See id*., at 1260. This element must be established by evidence independent of the test results themselves. *See Commonwealth v. Denny*, 539 A.2d 814, 816 (Pa. Super. 1987).

At first, this Court required this independent evidence to be in the form of "a Certificate, certified by the Secretary of Transportation or his designee certifying the agency which performs the tests on the devices as an official testing station, and must introduce a Certificate of Electronic Device (radar) Accuracy into evidence." ***Commonwealth v. Gernsheimer***, 419 A.2d 528, 530 (Pa. Super. 1980). However, this burden was subsequently relaxed. The Commonwealth is now permitted to meet its burden by merely providing a citation to the Department of Transportation's list of official testing stations in the Pennsylvania Bulletin. ***See Denny***, 539 A.2d at 816. A trial court may take judicial notice of the citation to the list of official testing stations in the Pennsylvania Bulletin, but an appellate court may not if the Commonwealth did not ask the trial court to do so. ***See Commonwealth v. Kittelberger***, 616 A.2d 1, 6 (Pa. Super. 1992).

Here, Corporal Mowery testified that the radar gun had been tested at an official testing station listed in the Pennsylvania Bulletin. ***See*** N.T., Trial, 3/5/15, at 10. The Commonwealth did not provide a copy of the official testing station list in the Pennsylvania Bulletin, nor did it provide a citation to the list. While this arguably violates the explicit language in ***Denny***, we conclude that Corporal Mowery's testimony is sufficient evidence, independent of the certificate of accuracy, of the status of the testing station. It is clearly preferable to utilize the easily obtained list of official testing stations as evidence to support this element of a traffic code

violation, but any defect in using Corporal Mowery's testimony for this purpose goes to the weight of the evidence, not its sufficiency. Marmeluc's second issue on appeal merits no relief.

In his final issue, Marmeluc contends that the verdict was against the weight of the evidence.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where

the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Orie*, 88 A.3d 983, 1015-1016 (Pa. Super. 2014) (citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014).

After reviewing the transcript and the exhibit admitted at trial, we cannot conclude that the trial court abused its discretion. The trial court did not act capriciously, and notably found that Corporal Mowery's testimony was insufficient to establish that Marmeluc was in a work zone when he exceeded the speed limit. The record reveals that the trial court carefully considered the evidence before it reached a verdict. Marmeluc's final issue on appeal merits no relief.

As we conclude that none of Marmeluc's issues are meritorious, we affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/2016

- 7 -